IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br><br>*In re Regions Morgan Keegan Closed-End Fund Litigation*,<br><br>No. 2:07-cv-02830-SHM-dkv | No. 2:09-md-02009-SHM |

**MOTION TO DISMISS OF MORGAN KEEGAN & COMPANY, INC.,
MORGAN ASSET MANAGEMENT, INC., AND MK HOLDING, INC.**

Defendants Morgan Keegan & Company, Inc. ("Morgan Keegan"), Morgan Asset Management, Inc. ("MAM"), and MK Holding, Inc. ("MK Holding"), respectfully file this motion to dismiss Plaintiffs' Consolidated Amended Complaint ("CAC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs assert three claims against Defendants Morgan Keegan, MAM, and MK Holding.  Counts I-II assert claims against Morgan Keegan under §§ 11 and 12(a)(2) of the Securities Act of 1933 ("1933 Act"), regarding purported misrepresentations and omissions contained in the Helios Multi-Sector High Income Fund's Registration Statement and Prospectus.  Count V asserts a control person liability claim against Morgan Keegan, MAM, and MK Holding under § 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), relating to alleged misrepresentations in the annual, semi-annual, and quarterly reports filed by Helios High Income Fund, Inc., Helios Strategic Income Fund, Inc., Helios Advantage Fund, Inc., and Helios Multi-Sector High Income Fund, Inc. (collectively the "Funds").  Each of these claims fails as a matter of law.

First, Plaintiffs' claims are time-barred by the applicable limitations periods. Plaintiffs' 1933 Act claims are also barred by that Act's statute of repose. Because Plaintiffs failed to timely assert these claims on behalf of the class pleaded in the CAC and no basis exists to toll the applicable limitations and repose periods, Plaintiffs' claims are time-barred.

Second, the CAC alleges nothing more than a fraud-by-hindsight theory of liability premised on the Funds' ultimate performance. Plaintiffs fail to plead facts giving rise to a strong inference of scienter as required by the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 and Rule 9(b) of the Federal Rules of Civil Procedure.

Third, Plaintiffs fail to allege any actionable material misstatements or omissions to support either their 1933 Act or 1934 Act claims. The Funds' Offering Documents and other public filings plainly disclosed the Funds' respective investment objectives and strategies, the nature of the investments each Fund would and did make, the Funds' respective pricing and valuation procedures, and the reasonably foreseeable risks associated with an investment in the Funds, including the risks that ultimately materialized when the credit markets collapsed in mid-2007. At most, Plaintiffs' allegations amount to a claim of mismanagement, which will not support a claim under the federal securities laws.

Fourth, Plaintiffs' allegations demonstrate a lack of loss causation, which bars Plaintiffs from recovering damages on their claims under either the 1934 Act or the 1933 Act. Rather than showing loss causation, Plaintiffs' allegations affirmatively establish that their losses resulted not from the revelation of any false statements or omissions, but from the global credit crisis, which had an industry-wide impact on the value of securities held by the Funds.

Finally, the remaining claim against Defendants is premised on allegations that Defendants were "control persons" responsible for the conduct of the Funds. This claim must be dismissed because Plaintiffs have failed to establish a primary violation of the securities laws by

any Defendant. Plaintiffs otherwise have offered only conclusory allegations to support their claims for control person liability.

As such, Morgan Keegan, MAM and MK Holding respectfully request that Plaintiffs' CAC be dismissed with prejudice. A memorandum of law and the Declaration of Matthew M. Curley are filed herewith in support of this motion.

DATED this 13th day of April 2011.

                Respectfully submitted,

                BASS, BERRY & SIMS PLC

           By: /s/ Matthew M. Curley
                Michael L. Dagley
                Matthew M. Curley
                Britt K. Latham
                W. Brantley Phillips, Jr.
                BASS BERRY & SIMS PLC
                150 Third Avenue South, Suite 2800
                Nashville, TN 37201
                (615) 742-6200

                Shepherd D. Tate
                Michael A. Brady
                BASS BERRY & SIMS PLC
                100 Peabody Place, Suite 900
                Memphis, Tennessee  38103-3672
                (901) 543-5900

                *Attorneys for Morgan Keegan & Company, Inc., Morgan Asset Management, Inc., and MK Holding, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

**BRANSTETTER STRANCH JENNINGS, PLLC**
J. GERARD STRANCH, IV
227 Second Avenue, North
Nashville, TN 37201

**SUTHERLAND ASBILL & BRENNAN, LLP**
S. LAWRENCE POLK
999 Peachtree Street NE
Atlanta, GA  30309

**LABATON SUCHAROW LLP**
JOEL H. BERNSTEIN
LOUIS GOTTLIEB
DAVID J. GOLDSMITH
STEFANIE J. SUNDEL
MICHAEL WOOLLEY
140 Broadway
New York, NY 10005

**SULLIVAN & CROMWELL LLP**
DAVID B. TULCHIN
DAVID E. SWARTS
125 Broad Street
New York, New York  1004

**PEARSON SIMON WARSHAW & PENNY, LLP**
GEORGE S. TREVOR
44 Montgomery Street, Suite 2450
San Francisco, CA 94104

**MAYNARD COOPER & GALE PC**
PETER S. FRUIN
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL  35203

**CABANISS JOHNSTON GARDNER DUMAS & O'NEAL LLP**
CRAWFORD S. MCGIVAREN
R. CARLTON SMYLY
Suite 700, Park Place Tower
2001 Park Place North
Birmingham, AL 35203

**PURSLEY LOWERY MEEKS LLP**
R. HAL MEEKS
ROBIN A. BESAW
260 Peachtree Street NW
Atlanta, GA 30303

**PAUL HASTINGS JANOFSKY & WALKER LLP**
KEVIN C. LOGUE
75 E. 55th Street
New York, NY  10022

/s/ Matthew M. Curley