**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE REGIONS MORGAN KEEGAN  :
SECURITIES, DERIVATIVE and ERISA  :
LITIGATION  :
  :  No. 2:09-md-02009-SHM
  :
This Document Relates to:  :
  :
*In re Regions Morgan Keegan Closed-End*  :  Oral Argument Requested
*Fund Litigation*  :
  :
  :
No. 2:07-cv-02830-SHM-dkv  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REGIONS FINANCIAL CORPORATION'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE
CONSOLIDATED AMENDED COMPLAINT IN THE CLOSED-END FUNDS CASE**

Peter S. Fruin
**MAYNARD, COOPER & GALE, P.C.**
1901 6th Avenue North, Suite 1900
Birmingham, Alabama  35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
Email:  pfruin@maynardcooper.com

David B. Tulchin
David E. Swarts
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email:  tulchind@sullcrom.com
Email:  swartsd@sullcrom.com

*Attorneys for Regions Financial Corporation*

April 13, 2011

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .............................................................................................................................3

ARGUMENT ...................................................................................................................................5

    I.      STANDARD ON THIS MOTION ............................................................................5

    II.     THE CAC FAILS TO STATE A CLAIM AGAINST REGIONS FINANCIAL ..................................................................................................................6

    III.    PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD A PRIMARY VIOLATION OF SECTION 10(b) AND RULE 10b-5 ...............................................8

          A.    No Material Misstatements or Omissions .........................................................8

          B.    No Scienter .........................................................................................................9

          C.    No Loss Causation ............................................................................................11

CONCLUSION .............................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft* v. *Iqbal*,
  129 S. Ct. 1937 (2009) ...................................................................................................5

*Azzolini* v. *CorTs Trust II for Provident Financial Trust I*,
  2005 WL 2253971 (E.D. Tenn. Sept. 16, 2005) ............................................................7

*Bell Atlantic Corp.* v. *Twombly*,
  550 U.S. 544 (2007) .......................................................................................................5

*Coffey* v. *Foamex L.P.*,
  2 F.3d 157 (6th Cir. 1993) ..........................................................................................5, 6

*Dura Pharmaceuticals, Inc.* v. *Broudo*,
  544 U.S. 336 (2005) ............................................................................................8, 11, 12

*Helwig* v. *Vencor*,
  251 F.3d 540 (6th Cir. 2001) ...................................................................................10, 11

*In re Comshare, Inc. Sec. Litig.*,
  183 F.3d 542 (6th Cir. 1999) .......................................................................................10

*In re Prison Realty Sec. Litig.*,
  117 F. Supp. 2d 681 (M.D. Tenn. 2000) ...............................................................2, 6, 8

*In re Regions Morgan Keegan Sec., Derivative, and Erisa Litig.*,
  743 F. Supp. 2d 744 (W.D. Tenn. 2010) .........................................................4, 6, 10, 11, 12

*In re Royal Appliance Sec. Litig.*,
  1995 WL 490131 (6th Cir. 1995) ..................................................................................9

*La Pietra* v. *RREEF Am., L.L.C.*,
  738 F. Supp. 2d 432 (S.D.N.Y. 2010) ...........................................................................9

*Mansbach* v. *Prescott, Ball & Turben*,
  598 F.2d 1017 (6th Cir. 1979) .....................................................................................10

*PR Diamonds, Inc.* v. *Chandler*,
  364 F.3d 671 (6th Cir. 2004) .........................................................................6, 8, 10, 11

*San Leandro Emergency Med. Plan* v. *Philip Morris Cos.*,
  75 F.3d 801 (2d Cir. 1996) ..........................................................................................10

## TABLE OF AUTHORITIES
*(continued)*

**Page(s)**

**CASES**
*(continued)*

*Sanders Confectionery Products, Inc.* v. *Heller Financial, Inc.*,
  973 F.2d 474 (6th Cir. 1992) ..........................................................................2, 6, 8

*Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ..........................................................................................9, 10

*United States* v. *Bestfoods*,
  524 U.S. 51 (1998) ....................................................................................................7

**STATUTES**

15 U.S.C. § 78j(b) ...........................................................................................................4

15 U.S.C. § 78t .................................................................................................................1

15 U.S.C. § 78u-4 ..............................................................................................5, 6, 8, 10

**RULES AND REGULATION**

Rule 9(b), Fed. R. Civ. P. ............................................................................................5, 8

Rule 12(b)(6), Fed. R. Civ. P. .....................................................................................1, 5

17 C.F.R. § 240.10b-5 ................................................................................................4, 10

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Regions Financial Corporation ("Regions Financial") respectfully submits this memorandum in support of its motion to dismiss the Consolidated Amended Class Action Complaint (the "complaint" or "CAC") in this action, which involves four closed-end investment funds. Regions Financial also joins in and incorporates by reference the Memorandum of Law in Support of Motion to Dismiss filed this date by defendants Morgan Keegan & Company, Inc. ("Morgan Keegan"), Morgan Asset Management, Inc. ("MAM") and MK Holding, Inc. ("MK Holding") (the "Morgan Keegan Brief").

## PRELIMINARY STATEMENT

Plaintiffs' complaint is an impermissible attempt to use the federal securities laws as an insurance policy for the losses they sustained when four Morgan Keegan closed-end investment funds (the "Funds") dropped in value as a result of an unforeseeable decline in the market for various asset-backed securities ("ABS") held by the Funds, including subprime mortgage-backed securities ("MBS").[1]  The essence of plaintiffs' allegations is that certain defendants other than Regions Financial made misrepresentations and omissions related to the composition and value of the Funds.  (*See, e.g.*, CAC ¶¶ 262-87.)

Plaintiffs' only claim against Regions Financial is for "control person" liability under Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78t (Count V).  This claim fails and should be dismissed for two independent reasons.  *First*, plaintiffs have failed to make allegations sufficient to support a claim that Regions Financial is the "control person" of any primary violator of the securities laws.  Plaintiffs never allege that

---

[1] The Funds are (i) RMK High Income Fund, Inc.; (ii) RMK Strategic Income Fund, Inc.; (iii) RMK Advantage Income Fund, Inc.; and (iv) RMK Multi-Sector High Income Fund, Inc.

Regions Financial directly controlled the Funds, but instead merely assert that Regions Financial controlled three other entities—Morgan Keegan, MAM and MK Holding (CAC ¶ 362)—and even then fail to allege facts sufficient to support this allegation, or the allegation that Morgan Keegan and MAM controlled the Funds.  (CAC ¶ 362; *see* Morgan Keegan Brief at 56-58.)  Instead of specific allegations sufficient to set out control, plaintiffs offer the vague theory that every entity in the "Regions family of companies" controlled each of its subsidiaries, and therefore also controlled every entity controlled by those subsidiaries.  If this were enough, every corporate entity affiliated with another would be subject to "control person" liability.  The law is otherwise.

Plaintiffs conclusorily assert that Regions Financial "had knowledge of, and participated in, the Funds' transaction of business, and otherwise by exercising control over the Funds."  (CAC ¶ 364.)  But plaintiffs allege no facts to support this assertion, making no allegations demonstrating any involvement or participation in the Funds' business by Regions Financial and offering no facts demonstrating any control by Regions Financial over any of the Funds' activities.  To set out a "control person" claim, plaintiffs must properly allege that Regions Financial both possessed the "power to control the specific transaction or activity upon which the primary violation is predicated," and "actual[ly] participat[ed] (*i.e.*, exercise[d] control) in the operations of the primary violator."  *In re Prison Realty Sec. Litig.*, 117 F. Supp. 2d 681, 692 (M.D. Tenn. 2000) (quoting *Sanders Confectionery Products, Inc.* v. *Heller Financial, Inc.*, 973 F.2d 474, 486 (6th Cir. 1992)).

*Second*, even if plaintiffs had properly alleged that Regions Financial is the "control person" of any primary violator, plaintiffs have failed to adequately plead facts demonstrating a primary violation by any defendant allegedly controlled by Regions Financial.

Plaintiffs fail to set forth any primary violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder (Count IV)[2] because they fail to: (i) plead sufficiently that any of the Funds' public filings contained actionable misrepresentations or omissions, (ii) plead facts giving rise to a strong inference of scienter, and (iii) adequately plead loss causation. The failure to adequately plead these necessary elements is fatal to plaintiffs' Section 10(b) and Rule 10b-5 claim. Without a primary violation, there can be no claim against Regions Financial for control person liability.

## BACKGROUND

Regions Financial is a bank holding company headquartered in Birmingham, Alabama (CAC ¶ 52), and is the ultimate parent of Morgan Keegan, MAM and MK Holding. (CAC ¶¶ 53-55.)[3] Plaintiffs bring claims against Regions Financial, Morgan Keegan, MAM, MK Holding and others complaining of a drop in price beginning in mid-2007 of four closed-end funds for which Morgan Keegan served as an underwriter and distributor and for which MAM served as the investment adviser. (CAC ¶¶ 7-10, 29.) Plaintiffs allege that the Funds lost market value in 2007, and seek to pin this loss on Regions Financial and the other defendants instead of attributing it to market forces. (CAC ¶ 29.) But as this Court has previously recognized in a

---

[2] Plaintiffs assert Count IV against both the Funds and the "Officer Defendants" (*i.e.*, James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, and Joseph Thompson Weller). (CAC ¶¶ 56-60.) As the basis for Count V, however, plaintiffs assert only that the Funds were the "controlled" parties. (*See, e.g.*, CAC ¶ 362 ("Each of the Defendants named in this Count . . . were controlling persons of the Funds.").) Because plaintiffs do not allege that Regions Financial "controlled" the Officer Defendants for purposes of Count V, the claims against the Officer Defendants are irrelevant as to Regions Financial.

[3] A more complete recitation of the allegations of the complaint can be found in the Morgan Keegan Brief. To avoid unnecessary repetition, this brief focuses on the allegations against Regions Financial.

case involving open-end funds related to the closed-end funds here at issue, it was "[t]he credit crisis that caused the collapse of the market for asset backed securities, like those in which the [open-end f]unds invested." *In re Regions Morgan Keegan Sec., Derivative, and ERISA Litig.*, 743 F. Supp. 2d 744, 757 (W.D. Tenn. 2010) (Mays, J.). During the relevant time, there was a rapid decline in market value for the types of ABS and MBS held by the Funds and other funds, and "[w]hen the market began to question the underlying value of mortgage-backed CDOs [collateralized debt obligations] in 2007, the [open-end f]unds found themselves holding assets quickly declining in value that they could not readily sell because of the limited market for such investments." *Id*. at 753. This decline "occurred over a relatively short time" and may have been precipitated by "the sudden market crash" that occurred in 2007. *Id*. at 757.

The complaint contains five claims, the first three of which (Counts I through III) are brought under §§ 11, 12(a)(2) and 15 of the Securities Act of 1933, concerning purported misrepresentations and omissions contained in the offering documents of the RMK Multi-Sector High Income Fund, Inc. Plaintiffs make no claim against Regions Financial in these three Counts. Count IV alleges violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and is based on allegations that the Funds (the only defendants named in Count IV that are relevant to the "control person" liability claim against Regions Financial) made a series of alleged misrepresentations and omissions concerning the composition and value of the Funds. Regions Financial is not named in Count IV either.

Count V, the only count asserted against Regions Financial, is for "control person" liability under Section 20(a) for the alleged violations set out in Count IV. (CAC ¶¶ 362-67.) Plaintiffs here allege that Regions Financial controlled Morgan Keegan, MAM and MK Holding; that MK Holding controlled MAM; and that Morgan Keegan and MAM controlled

the Funds. (CAC ¶ 362.) The only other allegation concerning Regions Financial in plaintiffs' 149-page, 367-paragraph complaint is that Regions Financial and the other defendants had "extensive interrelationships" with each other. (CAC ¶ 64.)

## ARGUMENT

### I.   STANDARD ON THIS MOTION

Under Rule 12(b)(6), Fed. R. Civ. P., a complaint must be dismissed if it fails to plead sufficient grounds to entitle a plaintiff to relief. *Bell Atlantic Corp*. v. *Twombly*, 550 U.S. 544, 555 (2007). Although a "claim has facial plausibility [where] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft* v. *Iqbal*, 129 S. Ct. 1937, 1949 (2009), the mere possibility that a plaintiff might prove some facts in support of its claims is insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Further, plaintiffs' Section 10(b) and Rule 10b-5 claim against the Funds in Count IV, which serves as the primary violation underlying plaintiffs' Section 20(a) claim, is based on allegations of fraud. Accordingly, Count IV is subject to the heightened pleading requirements of both Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4.

Rule 9(b) requires that all averments of fraud be pleaded "with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Coffey* v. *Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). The need for particularity requires a plaintiff "at a minimum, to allege the time, place, and content of the alleged

-5-

misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* at 161-62.

As this Court recently held in a closely related case, the PSLRA requires a plaintiff making securities fraud claims (i) "to state with particularity the facts constituting the alleged violation, including specifying each statement alleged to have been misleading;" and (ii) to "state with particularity the facts giving rise to a strong inference that the defendant acted with the particular state of mind . . . known as scienter." *In re Regions Morgan Keegan*, 743 F. Supp. 2d at 754 (internal quotations and citations omitted).

## II. THE CAC FAILS TO STATE A CLAIM AGAINST REGIONS FINANCIAL

In Count V, plaintiffs assert that Regions Financial is liable as a "control person" under Section 20(a) of the Exchange Act for the alleged securities laws violations by the Funds set forth in Count IV. Plaintiffs do not allege that Regions Financial directly controlled the Funds, but rather that Regions Financial is "the controlling person of MK Holding, MAM, and Morgan Keegan." (CAC ¶ 362.) MK Holding is alleged to be the controlling person of MAM, while MAM and Morgan Keegan are alleged to be controlling persons of the Funds. (*Id.*)

As explained above, a claim for Section 20(a) liability must adequately plead both control by the defendant and a primary violation of the Exchange Act by a person controlled by the defendant. *PR Diamonds, Inc.* v. *Chandler*, 364 F.3d 671, 696-97 (6th Cir. 2004). To adequately plead control, a plaintiff must allege facts showing that a defendant had "power to control the specific transaction or activity upon which the primary violation is predicated," and that the defendant had "actual[ly] participat[ed] (*i.e.*, exercise[d] control) in the operations of the primary violator." *In re Prison Realty*, 117 F. Supp. 2d. at 692 (citing *Sanders*, 973 F.2d at 486);

*accord Azzolini* v. *CorTs Trust II for Provident Financial Trust I*, 2005 WL 2253971, at *13 (E.D. Tenn. Sept. 16, 2005).

Here, plaintiffs do not come close to alleging facts sufficient to support their claim that Regions Financial had "control" over the Funds. The assertion that Regions Financial had control over Morgan Keegan, MAM and MK Holding by virtue of its status as their ultimate parent (CAC ¶ 362) is insufficient to adequately allege control even as to those entities. "[I]t is a general principal of corporate law deeply ingrained in our economic and legal systems that a parent corporation is not liable for the acts of its subsidiaries," and thus the mere allegation of a parent/subsidiary relationship is insufficient to allege control. *Azzolini*, 2005 WL 2253971, at *12 (quoting *United States* v. *Bestfoods*, 524 U.S. 51, 61 (1998)) (internal ellipsis omitted).

Plaintiffs' further assertion that Morgan Keegan and MAM controlled the Funds is also insufficient. (CAC ¶ 362-363.) As demonstrated in the Morgan Keegan Brief at 56-58, plaintiffs allege no facts demonstrating that Morgan Keegan and MAM had control over the Funds, but rather offer merely conclusory allegations based on inter-corporate family relationships, which fail as a matter of law to establish control.

Plaintiffs conclusorily assert that all of the defendants had "extensive interrelationships" with each other (CAC ¶ 64), and that the defendants named in Count V "had knowledge of, and participated in, the Funds' transaction of business, and otherwise by exercising control over the Funds" (CAC ¶ 364). But plaintiffs allege no facts indicating that Regions Financial had the power to control the specific activities on which the primary violation is based or that it exercised any control in the operations of the Funds. Because plaintiffs have not pleaded any such specific facts, their Section 20(a) claim should be dismissed. *Azzolini*, 2005 WL 2253971, at *13 (dismissing control person claim because plaintiffs' allegations of

control were merely "conclusive in nature"); *see also Sanders*, 973 F.2d at 486; *In re Prison Realty*, 117 F. Supp. at 692.

### III.    PLAINTIFFS HAVE FAILED TO ADEQUATELY PLEAD A PRIMARY VIOLATION OF SECTION 10(b) AND RULE 10b-5

In order to state a claim for control person liability under Section 20(a), plaintiffs must also establish a primary violation of the securities laws by a person controlled by Regions Financial.  *PR Diamonds, Inc.*, 364 F.3d at 696; *In re Prison Realty*, 117 F. Supp. at 692.  Here, Count IV serves as the purported primary violation for plaintiffs' control person liability claim.  As set forth above, given the heightened pleading requirements of Rule 9(b) and the PSLRA, plaintiffs must here allege with particularity:  (i) "a material misrepresentation (or omission)," (ii) "scienter," (iii) "a connection with the purchase or sale of a security," (iv) "reliance," (v) "economic loss," and (vi) "loss causation."  *Dura Pharmaceuticals, Inc.* v. *Broudo*, 544 U.S. 336, 341-42 (2005).  Plaintiffs fail to adequately plead at least three of these elements.  (*See* Morgan Keegan Brief at 21-48, 51-55.)

####    A.    No Material Misstatements or Omissions

As demonstrated in the Morgan Keegan Brief at 34-48, the complaint fails to plead that any of the Funds' public filings contained actionable misrepresentations or omissions.[4] Plaintiffs' claims are based on four general categories of alleged misstatements and omissions by the Funds:  (i) misstatements concerning the extent to which the Funds concentrated investments in certain types of securities (*i.e.*, ABS and MBS) and the risks associated therewith; (ii) the misvaluation of securities held in the Funds' portfolios; (iii) the comparison of the Funds' returns

---

[4]    Plaintiffs do not even attempt to allege that there were any misstatements or omissions made by Regions Financial—or by Morgan Keegan, MAM or MK Holding, the three entities that plaintiffs claim were controlled by Regions Financial.

against an inappropriate benchmark index; and (iv) the failure to disclose mismanagement of the Funds, such as inadequate due diligence. (CAC ¶ 6.) The allegations in the complaint, however, disregard the actual contents of the filings at issue, which disclosed the information plaintiffs allege was misstated or omitted. (*See* Morgan Keegan Brief at 34-48.)[5]

The Funds' public filings and statements plainly disclosed the Funds' investment objectives and strategies, the nature of the investments each Fund made, the Funds' pricing and valuation procedures and the reasonably foreseeable risks associated with an investment in the Funds, including the risks that ultimately materialized when the credit markets collapsed. (*See* Morgan Keegan Brief at 34-48.) The composition of the Funds' portfolio at the end of regular reporting periods was also publicly disclosed in these public filings, which refutes plaintiffs' allegations that the Funds omitted material information regarding the Funds' holdings. (CAC ¶¶ 185-256; s*ee* Morgan Keegan Brief at 47.) Given the absence of any actionable misstatement or omission, plaintiffs' Section 10(b) and Rule 10b-5 claim necessarily fails. *See, e.g.*, *La Pietra* v. *RREEF Am., L.L.C.*, 738 F. Supp. 2d 432, 442-43 (S.D.N.Y. 2010) (dismissing fraud claims where "[m]any of the facts that the plaintiffs allege were omitted . . . were disclosed" and where "[t]he remaining alleged omissions are equally immaterial or unsupported").

### B. No Scienter

The PSLRA requires a plaintiff alleging violations of Section 10(b) and Rule 10b-5 to plead scienter, or to "state with particularity the facts giving rise to a strong inference

---

[5] In considering a motion to dismiss, "courts must consider the complaint in its entirety, as well as other . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc.* v. *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citations omitted). For the purposes of a motion to dismiss, courts may take judicial notice of "the full text of the SEC filings, prospectus, analysts' reports and statements integral to the complaint, even if not attached, without converting the motion into one for summary judgment." *In re Royal Appliance Sec. Litig.*, 1995 WL 490131, at *2 (6th Cir. 1995).

that the defendant acted with the particular state of mind." 15 U.S.C. § 78u-4(b)(2).  *See also PR Diamonds, Inc.*, 364 F.3d at 682; *In re Comshare, Inc. Sec. Litig.*, 183 F.3d 542, 548 (6th Cir. 1999).  For purposes of a Section 10(b) action, the required state of mind is an intent "to deceive, manipulate or defraud."  *In re Regions Morgan Keegan*, 743 F. Supp. 2d at 754 (quoting *Tellabs*, 551 U.S. at 313).  "[S]peculation and conclusory allegations" do not suffice.  *In re Comshare*, 183 F.3d at 553 (quoting *San Leandro Emergency Med. Plan* v. *Philip Morris Cos.*, 75 F.3d 801, 813 (2d Cir. 1996) (internal quotation marks omitted)).  Rather, as the Supreme Court has held, the strong inference of scienter "must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent."  *Tellabs*, 551 U.S. at 314.

To satisfy the scienter pleading requirement, a plaintiff must allege with particularity that the alleged primary violator acted knowingly or recklessly.  *PR Diamonds, Inc.*, 364 F.3d at 681;  *In re Comshare*, 183 F.3d at 552.  Recklessness is "highly unreasonable conduct which is an extreme departure from the standards of ordinary care," *Helwig* v. *Vencor, Inc.*, 251 F.3d 540, 550 (6th Cir. 2001) (quoting *Mansbach* v. *Prescott, Ball & Turben*, 598 F.2d 1017, 1025 (6th Cir. 1979)), and constitutes scienter when it is "akin to conscious disregard," *PR Diamonds, Inc.*, 364 F.3d at 681 (quoting  *In re Comshare*, 183 F.3d at 550) (internal quotation marks omitted).  More specifically, the Sixth Circuit has articulated nine factors that are "probative of scienter in securities fraud actions."  *PR Diamonds, Inc.*, 364 F.3d at 682-83.[6]

---

[6]   The factors probative of scienter are:

> (1) insider trading at a suspicious time or in an unusual amount; (2) divergence between internal reports and external statements on the same subject; (3) closeness in time of an allegedly fraudulent statement or omission and the later disclosure of inconsistent information; (4) evidence of bribery by a top company official; (5) existence of an ancillary lawsuit charging fraud by a

(*footnote continued*)

Here, plaintiffs fail to make any allegations that the Funds ever acted with any intent "to deceive, manipulate or defraud," *see In re Regions Morgan Keegan*, 743 F. Supp. 2d at 754, nor do they make any allegation that the Funds acted recklessly or made "an extreme departure from the standards of ordinary care," *Helwig*, 251 F.3d at 550. Plaintiffs' complaint, in fact, contains no allegation giving rise to any inference—much less a strong inference—of the Funds' scienter. (*See* Morgan Keegan Brief at 21-34.) This failure dooms plaintiffs' Section 10(b) and Rule 10b-5 claim. *See PR Diamonds, Inc.*, 364 F.3d at 697 (holding that "the complaint fails to state a predicate 10(b) or Rule 10b-5 claim against [the defendant] because it fails—indeed, hardly attempts—to plead scienter on the [defendant's] part.").

### C. No Loss Causation

It is fundamental that private securities actions exist "not to provide investors with broad insurance against market losses, but to protect them against those economic losses that *misrepresentations actually cause*." *Dura Pharm.*, 544 U.S. at 345 (emphasis added). A plaintiff alleging a Section 10(b) violation must plead loss causation, *i.e.*, a facially plausible causal relationship between the alleged fraudulent statements and/or omissions and the plaintiff's economic loss. *Id.* at 347. Where the loss is not caused by the alleged misrepresentations or

---

(*footnote continued*)
  company and the company's quick settlement of that suit; (6) disregard of the most current factual information before making statements; (7) disclosure of accounting information in such a way that its negative implications could only be understood by someone with a high degree of sophistication; (8) the personal interest of certain directors in not informing disinterested directors of an impending sale of stock; and (9) the self-interested motivation of defendants in the form of saving their salaries and jobs.

*PR Diamonds, Inc.*, 364 F.3d at 682-83 (quoting *Helwig*, 251 F.3d at 552).

omissions, a plaintiff's claims are barred. 15 U.S.C. §§ 77k(e), 77*l*(b). *See also Dura Pharm.*, 544 U.S. at 345.

Here, plaintiffs fail to allege *any* facts demonstrating that the Funds' stock price declined due to any allegedly fraudulent conduct. Instead, plaintiffs merely cite a host of purported "corrective disclosures"—primarily newspaper articles—that neither address the Funds in question in this litigation, nor identify any prior fraudulent statements by defendants. (*See, e.g.*, CAC ¶¶ 262-87.) These "disclosures," which amount to nothing more than assertions that certain other Morgan Keegan funds lost value, do not on their own satisfy the requisite loss causation element of a Section 10(b) and Rule 10b-5 claim, because plaintiffs plead no "causal connection . . . between [their] loss and the misrepresentation concerning" the Funds as required under *Dura*, 544 U.S. at 347. (*See also* Morgan Keegan Brief at 51-55.)

It is undisputed that the Funds invested in ABS, and that the Funds' value fell. But as this Court has previously recognized in a case about the related open-end funds, the decline in value was not limited to the Funds, but rather it was "[t]he credit crisis that caused the collapse of the market for asset backed securities, like those in which" they invested. *In re Regions Morgan Keegan*, 743 F. Supp. 2d at 757. Plaintiffs plead no facts indicating that the Funds' loss in value was caused by any allegedly fraudulent conduct, as opposed to the broader decline in the market, and their assertions that the "disclosures" caused the loss in the Funds' value are based on conclusory allegations alone, and are therefore insufficient. (*See* Morgan Keegan Brief at 51-55.)

Accordingly, because plaintiffs have failed to adequately plead an underlying primary violation, their control person liability claim (Count V) likewise fails.[7]

## CONCLUSION

For the reasons set forth herein and in the Morgan Keegan Brief, the CAC as against Regions Financial should be dismissed with prejudice.

Dated:  April 13, 2011

                                        Respectfully Submitted,

                                        /s/ *Peter S. Fruin*
                                        Peter S. Fruin
                                        **MAYNARD, COOPER & GALE, P.C.**
                                        1901 6th Avenue North, Suite 1900
                                        Birmingham, Alabama 35203
                                        Telephone:  (205) 254-1000
                                        Facsimile:   (205) 254-1999
                                        Email: pfruin@maynardcooper.com

                                        David B. Tulchin
                                        David E. Swarts
                                        **SULLIVAN & CROMWELL LLP**
                                        125 Broad Street
                                        New York, New York  10004
                                        Telephone:  (212) 558-4000
                                        Facsimile:   (212) 558-3588
                                        Email:  tulchind@sullcrom.com
                                        Email:  swartsd@sullcrom.com

                                        *Attorneys for Regions Financial Corporation*

---

[7] In addition to the foregoing reasons for dismissal—which go to the merits of plaintiffs' claims—the Court should also dismiss plaintiffs' Exchange Act claims, including their Section 20(a) claim against Regions Financial, because they are barred by the statute of limitations. (*See* Morgan Keegan Brief at 11-17.)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and accompanying memorandum were electronically filed this 13th day of April 2011, using the CM/ECF system which will automatically serve a copy of this pleading on all parties of record.

/s/ *Peter S. Fruin*
Peter S. Fruin