IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br><br>*In re Regions Morgan Keegan Closed-End Fund Litigation*,<br>No. 2:07-cv-02830-SHM-dkv | Case No. 07-2830-SHM<br><br>Judge Samuel H. Mays, Jr.<br><br>Magistrate Judge Diane K. Vescovo |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF FUND DEFENDANTS'
MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

PAUL HASTINGS LLP
Kevin C. Logue
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com

*Counsel for Defendants
Helios Advantage Income Fund, Inc., Helios
High Income Fund, Inc., Helios Multi-Sector
High Income Fund, Inc., and Helios
Strategic Income Fund, Inc. (formerly RMK
Advantage Income Fund, Inc., RMK High
Income Fund, Inc., RMK Multi-Sector High
Income Fund, Inc., and RMK Strategic
Income Fund, Inc., respectively)*

The "Fund Defendants" (or the "Funds") as defined in their Opening Memorandum of Law ("Opening Memorandum" or "Open. Mem.") respectfully submit this reply memorandum in further support of their motion to dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("CAC").

## ARGUMENT

### I. PLAINTIFFS' SECTION 10(b) AND RULE 10b-5 CLAIM SHOULD BE DISMISSED AS AGAINST ALL THE FUND DEFENDANTS

Because Plaintiffs' § 10(b) allegations directed at the Fund Defendants fail to satisfy the requisite particularity as to each such Defendant mandated by the heightened PSLRA standard, their claim against the Funds must fail as a matter of law.

#### A. Plaintiffs Fail to Plead Scienter with Requisite Particularity as to the Funds

The standards of the PSLRA require that, as to each defendant, plaintiff "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2); *see also City of Monroe Employees Retirement System v. Bridgestone Corp.*, 399 F.3d 651, 682 (6th Cir. 2005) ("… to survive a motion to dismiss, a federal securities fraud claim must withstand an exacting statement-by-statement analysis."). Plaintiffs fail to allege with adequate specificity any facts that show that the Fund Defendants acted with requisite scienter, and instead rely on generalized, conclusory allegations that the Fund Defendants knew or should have known information contrary to the alleged misstatements. As the Sixth Circuit Court of Appeals ruled, "claims of securities fraud cannot rest on speculation and conclusory allegations."  *In re Comshare Inc. Securities Litig.*, 183 F.3d 542, 553 (6th Cir. 1999); *see also Tellabs, Inc., , Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (plaintiff alleging securities fraud must "specify each statement alleged to have been misleading and the reason or reasons why the statement is misleading.").

Plaintiffs argue that the alleged scienter of Kelsoe should be imputed to the Fund Defendants (Opp. Br. at 37).[1]  However, Plaintiffs' imputation arguments are both factually and legally baseless.  As the CAC acknowledges, Kelsoe was neither an officer nor an employee of the Funds; rather, Kelsoe was an employee of co-Defendant Morgan Asset Management, and for a time co-Defendant Morgan Keegan.  *See* CAC ¶ 56.[2]  Plaintiffs offer no support for arguing that the alleged scienter of an individual who was neither a director, officer or even an employee of the Funds should be imputed to the Funds.

Moreover, the case law Plaintiffs cite in support of their imputation argument involve distinguishable situations relating to acts by a corporate officer being imputed to the corporation, and are therefore inapposite.  In *Frank v. Dana Corp.*, the scienter of a senior controlling officer of a corporation was imputed to that corporation.  2011 WL 2020717 (6th Cir. May 25, 2011).  Similarly, in *SEC v. Young*, the conduct of a managing member and controlling partner of a partnership was imputed to that partnership.  2011 WL 1376045 (E.D. Pa. April 12, 2011).  A third case cited by Plaintiffs, *In re Smith Barney Transfer Agent Litig.*, 765 F. Supp. 2d 391 (S.D.N.Y. 2011), is equally distinguishable.  The mutual funds were not named defendants, and the § 10(b) claim against an executive (Jones) of a separate company was dismissed for lack of sufficient allegations of his involvement in the wrongful conduct.  *Id.* at 401.[3]

---

[1] As used herein, "Opp. Br." refers to Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motion to Dismiss the CAC for Violations of the Federal Securities Laws, filed June 17, 2011 (Docket No. 213).

[2] *See also* Curley Dec. [Declaration of Matthew M. Curley, filed on April 13, 2011 (Docket No. 199)] Ex. L (2007 Consol. Ann. Rept. at 4, 22, 39, 58 (Mr. Kelsoe signed Management Discussion of Fund Performance as an employee of MAM))."

[3] *SEC v. Haligiannis*, 470 F. Supp. 2d 373, 381 (S.D.N.Y. 2007), is likewise distinguishable.  That case involved admissions of guilt by one defendant, and other undisputed evidence, coupled with a failure by the remaining defendants, including a fund, to even submit an opposition to the summary judgment motion at issue.  *Id.*  By contrast, here the Fund Defendants very much oppose any claims against them, there is no admission of guilt in this litigation, and the SEC Consent Order recently filed was entered into without an admission of liability by the undersigned parties.  (*See* Order, *In the Matter of Morgan Asset Management, Inc., et al.*, Administrative Proceeding File No. 3-13847, dated June 22, 2011).

Understandably, Plaintiffs do not attempt to impute scienter to the former directors of the Funds. Plaintiffs' decision to drop their claims against the Fund directors highlights the weakness in Plaintiffs' ability to show any alleged misstatement or misconduct attributable to the Fund Defendants. Because the CAC is void of any specific allegation that the Fund Defendants knew of any alleged fraud, or participated in any deceptive scheme with the requisite scienter, the claims against the Fund Defendants should be dismissed.

### B. Plaintiffs Do Not Allege With Sufficient Particularity Any Material Misrepresentation or Omission Directly Attributable to the Fund Defendants

Plaintiffs go to great lengths to describe Kelsoe's allegedly fraudulent actions and deceptive conduct. *See* CAC ¶¶ 138-43. Plaintiffs fail, however, to particularize any alleged misrepresentation made by or allegedly wrongful acts committed directly by or attributable to the Funds themselves, and as noted above, Kelsoe was not even an officer, director or employee of the Funds.

Plaintiffs attempt to mask this critical pleading deficiency by conflating the various Defendants in an improper effort to attribute knowledge or conduct by one Defendant to the rest. *See* CAC ¶ 137. This ploy is contrary to the specificity mandates of the PSLRA, which demands particularized allegation of specific conduct for each defendant. *See Tellabs,* 551 U.S. at 321; *see also In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 272 F. Supp.2d 243, 246, 262 (S.D.N.Y. 2003) (dismissing § 10(b) fraud claim against fund and other defendants where complaint "conflates the various corporate Defendants into a single entity characterized as the 'ML Defendants' in an attempt to attribute knowledge or conduct by any one Defendant to all the other Defendants.").[4]

---

[4] In dismissing the § 10(b) claims in the Open-End Class Action, this Court noted the lack of clarity in the complaint there with respect to which defendant was alleged to have done what. This court stated that "[w]hen it is possible to
(continued...)

3

Plaintiffs make conclusory arguments that the filing of prospectuses and the preparing of other SEC filings on behalf of the Funds is sufficient to show that misrepresentations were made by the Funds. (Opp. Br. at 18, n. 15). In an attempt to support this argument, Plaintiffs cite the recent Supreme Court ruling in *Janus Capital Group, Inc. v. First Derivative Traders,* 131 S. Ct. 2296 (2011). Any purported reliance by Plaintiffs on the *Janus* ruling, however, is misplaced. As an initial matter, it bears emphasis that *Janus* only held that an investment manager was not liable under Rule 10b-5 for statements made in a fund prospectus; it did not hold the converse, that the fund itself was liable, as the fund there was not a named defendant. *Id*. at 2299, 2305.[5]

Furthermore, the dissenting opinion in *Janus* noted that the majority's ruling left unaddressed the situation where "guilty management writes a prospectus (for the board) containing materially false statements and fools both the board and the public into believing they are true." *Id*. at 2310. The dissent continued explaining:

> "under the majority's rule, in such circumstances no one could be found to have 'made' a materially false statement – even though under the common law the managers would likely have been guilty or liable (in analogous circumstances) for doing so as principals (and not as aiders and abettors)." *Id*.

This point by the dissenting justices is instructive here because such a scenario is more akin to the circumstances at bar, where Kelsoe's allegedly deceptive conduct was found by the SEC to have been unknown to the Funds' board of directors,[6] and where there is no particularized

---

(...continued)

ask legitimately, after reading a four-hundred-page Complaint, who is being sued for what on a particular count, Plaintiffs have not met the PSLRA's pleading standards." (Open-End Class Action, Docket No. 272 at 16-17).

[5] Another important distinction is that in *Janus*, *id*. at 2299, all of the officers of the fund were also officers of the investment management company, so there were identical actors involved in the two entities. Here, as Plaintiffs acknowledge (CAC ¶ 56), Morgan Asset Management and Morgan Keegan, not the Funds, employed Kelsoe.

[6] *See* Order, *In the Matter of Morgan Asset Management, Inc., et al*., Administrative Proceeding File No. 3-13847, dated June 22, 2011.

4

allegation that it was known by the Fund Defendants.[7]  In light of these persuasive arguments, together with the points of distinction noted above, Plaintiffs cannot rely on *Janus* to excuse their inability to specify what role, if any, the Funds played in any allegedly fraudulent scheme with sufficient particularity to survive a motion to dismiss.

> C. **A Determination That Plaintiffs Have Failed to Adequately Plead Loss Causation, or That No Material Misstatement or Omission Has Been Alleged, Warrants Dismissal of Claim Against the Fund Defendants**

If the Court determines that the CAC has inadequately pleaded loss causation, the § 10(b) claims against the Fund Defendants should be dismissed.  *See* Open. Mem. at 7.  A decision involving claims under the 1933 Act, *In re State Street Bank and Trust Co. Fixed Income Funds Investment Litigation* is particularly instructive here to show how fraud-based securities claims may be dismissed based on a plaintiff's failure to allege loss causation.  2011 WL 1206070, at *9 (S.D.N.Y. Mar. 31, 2011) (allegations that mutual fund misrepresented the diversification of the fund investments, which inflated the value, and that the sector to which the fund was overexposed collapsed causing the fund value to drop were insufficient to plead loss causation absent a specific allegation that the "misstatement or omission concealed something from the market that, when disclosed, negatively affected the value of the security.");[8] *see also Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005) (holding that § 10(b) claims were properly dismissed where complaint was legally insufficient with respect to allegations that plaintiffs' loss was caused by alleged misrepresentations and omissions).

---

[7] Another critical point highlighted in the dissent that is analogous to the scenario here is the fact that the Fund had no assets separate and apart from those they held for shareholders."  *Janus*, 131 S. Ct. at 2312.

[8] This decision cites Geffen, *A Shaky Future for Securities Act Claims Against Mutual Funds*, 37 Reg. L.J. 20 (2009), which posits that "fraud on the market" theories cannot be used to establish loss causation because misstatements or omissions do not affect a fund share's NAV.  Although this decision, as well as the Geffen article, directly address open-end funds, which do not trade on a secondary market such as the closed-end funds here, they are still instructive here because, as Plaintiffs acknowledge, there is a relationship between NAV and the Fund's share price.  *See* CAC ¶ 67; Opp. Br. at 59 ("NAV was directly linked to the market value of the security.").

Finally, to the extent the Court determines in response to the motions by the other Defendants that Plaintiffs have failed to adequately allege material misstatements or omissions, such a determination warrants dismissal of Plaintiffs' § 10(b) claim against the Funds as well.

## II. PLAINTIFFS' SECTION 11 CLAIM SHOULD BE DISMISSED AGAINST DEFENDANT RMK MULTI-SECTOR

As discussed in our Opening Memorandum, Plaintiffs' allegations do not properly state a § 11 claim against RMK Multi-Sector ("RMK Fund"), and must therefore be dismissed as a matter of law.[9] Plaintiffs' § 11 claim rests on general allegations that those allegedly in control of the RMK Fund mismanaged it, overstated its value, and otherwise failed to comply with certain investment policies and limitations. Generalized allegations such as these are insufficient to withstand dismissal. As this Court has previously acknowledged, although the PSLRA's heightened pleading standard does not apply to claims under the 1933 Act, where the claim sounds in fraud, the specificity standards of Rule 9(b) do apply. (*See* Order, Open-End Class Action Docket No. 272, at 27). "Thus, at a minimum, Plaintiffs must allege the time, place and contents of the misrepresentations upon which they relied." *Id*. (internal quotations omitted).

RMK Fund is not a proper § 11 defendant, because when taken as facially valid, the allegations in the CAC support the inference that the RMK Fund was in fact the victim of any allegedly wrongful conduct, rather than the perpetrator of such. The CAC repeatedly acknowledges that persons not employed by and entities other than the RMK Fund were responsible for the alleged misstatements and omissions. *See e.g.* CAC ¶¶ 138-143, 148-160. Furthermore, the RMK Fund has no separate assets apart from what is held for shareholders. *See Janus*, 131 S. Ct. at 2312. Plaintiffs' arguments in their opposition brief further reinforce the

---

[9] None of the other Closed-End Funds have been sued on the § 11 claims.

notion that "all of the business, administrative, managerial, clerical and/or other functions attendant to the operation of the Funds' business… including providing officers and employees to the Funds" were performed by separate persons and entities. (*See* Opp. Br. at 89).

Similarly, Plaintiffs' § 11 claim fails to show a material misstatement or omission directly attributable to the RMK Fund. Plaintiffs may not rely on hindsight but rather must allege facts that show that the RMK Fund "possessed the omitted information [or knowledge of the falsity of a misstatement] at the time the registration statement became effective." *In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 635 (S.D.N.Y. 2005). Because Plaintiffs fail to do so, their claim must fail as a matter of law.[10]

In addition, to the extent the Court determines that it is apparent from the face of the complaint that the alleged loss is not causally connected to the alleged misrepresentations at issue, the § 11 claim against the RMK Fund should be dismissed as a matter of law. *See In re State Street Bank and Trust Co.*, 2011 WL 1206070, at * 3 ("The complaint [claiming § 11 violations] may be dismissed if a defendant can prove that it is apparent on the face of the complaint that the alleged loss is not causally connected to the misrepresentations at issue."). Similarly, to the extent the Court determines in response to the motions by the other Defendants that Plaintiffs failed to allege material misstatements or omissions sufficient to state a direct claim under § 11, or that Plaintiffs' claims are barred by any statute of limitations defense, such a determination warrants the dismissal of the claim against the RMK Fund as well.

---

[10] To the extent that Plaintiffs rely on *Janus* to support § 11 liability for misstatements allegedly made by the RMK Fund in registration materials, such reliance is misplaced because, in addition to the other reasons discussed above as to why *Janus* is distinguishable, the ruling also related only to a § 10(b) claim. *See Janus*, 131 S. Ct. at 2305.

## III. PLAINTIFFS' SECTION 12(a)(2) CLAIM SHOULD BE DISMISSED AS AGAINST DEFENDANT RMK MULTI-SECTOR

For the reasons discussed above warranting dismissal of the § 11 claim, as well as for the reasons set forth in our Opening Memorandum at 4-5, Plaintiffs' § 12(a)(2) claim against the RMK Fund likewise must be dismissed as a matter of law.  *See J&R Marketing SEP v. General Motors Corp.*, 549 F.3d 384 (6th Cir. 2008) (analyzing and dismissing § 11 and § 12(a)(2) claims in tandem, as the two claims are interrelated).  Irrespective of whether a defendant solicits a sale for § 12(a)(2) purposes is a question of fact (Opp. Br. at 86), because Plaintiffs do not allege misstatements and omissions directly attributable to the RMK Fund, and have not alleged that the RMK Fund's role was an unusual one, or that Plaintiffs purchased directly from the Funds, Plaintiffs' claim must fail as a matter of law.[11]

## CONCLUSION

For the reasons set forth herein and in the Opening Memorandum, the Fund Defendants respectfully request that this Court dismiss Plaintiffs' claims against the Fund Defendants with prejudice.

---

[11] As discussed in the footnote above, any reliance by Plaintiffs on *Janus* here is misplaced as that decision related to Section 10(b) claims and therefore does not apply here.

8

Dated this 12th day of August, 2011.

PAUL HASTINGS LLP

By: /s/Kevin C. Logue
     Kevin C. Logue
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com
*Counsel for Defendants*
*Helios Advantage Income Fund, Inc.,*
*Helios High Income Fund, Inc., Helios*
*Multi-Sector High Income Fund, Inc.,*
*and Helios Strategic Income Fund, Inc.*
*(formerly RMK Advantage Income*
*Fund, Inc., RMK High Income Fund,*
*Inc., RMK Multi-Sector High Income*
*Fund, Inc., and RMK Strategic Income*
*Fund, Inc., respectively)*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**Adam Julien Gana**
agana@nbrlawfirm.com

**Albert C. Harvey**
harveya@thomasonlaw.com

**Andrew Berke**
andy@berkeattys.com

**B. J. Wade**
bwade@gewwlaw.com

**Beth A. Keller**
bkeller@faruqilaw.com

**Charles H. Jones, Jr.**
fwatson@watsonburns.com

**Christopher Marlborough**
cmarlborough@faruqilaw.com

**D. Andrew Pietro**
pietroda@sullcrom.com

**Dale H. Tuttle**
dtuttle@gewwlaw.com

**David B. Tulchin**
tulchind@sullcrom.com

**Emily C. Komlossy**
ekomlossy@faruqilaw.com

**Emily Nicklin**
enicklin@kirkland.com

**Ernest Koella**
nf@fallsveach.com

**Eugene J. Podesta, Jr.**
gpodesta@bakerdonelson.com

**Frank L. Watson, III**
fwatson@watsonburns.com

**Harold Naill Falls, Jr.**
nf@fallsveach.com

**Ira Horowitz**
fwatson@watsonburns.com

**J. Timothy Francis**
francis@bham.rr.com

**Jeffrey B. Maletta**
jeffrey.maletta@klgates.com

**Jeffrey R. Sonn**
jsonn@sonnerez.com

**Jerome A. Broadhurst**
jbroadhurst@appersoncrump.com

LEGAL_US_E # 94080514.7

**David E. Swarts**
swartsd@sullcrom.com

**Derek W. Loeser**
dloeser@kellerrohrback.com

**Edge Partners, Ltd.**
fwatson@watsonburns.com

**Ellen M. Doyle**
edoyle@stemberfeinstein.com

**Kristopher S. Ritter**
ritterk@kirkland.com

**Leo Maurice Bearman , Jr**
lbearman@bakerdonelson.com

**Marc Jay Bern**
mjbern@nbrlawfirm.com

**Mark P. Chalos**
mchalos@lchb.com

**Martin W. Zummach**
martin@sparkman-zummach.com

**Matthew M. Curley**
mcurley@bassberry.com

**Michael A. Brady**
mbrady@bassberry.com

**Michael L. Dagley**
mdagley@bassberry.com

**Nicole A. Baker**
nicole.baker@klgates.com

**Peter H. Burke**
pburke@bhflegal.com

**John A. Cremer**
cmb@indylaw.com

**John B. Veach, III**
tv@fallsveach.com

**John J. Carey**
jcarey@careydanis.com

**Kenneth C. Johnston**
kjohnston@krel.com

**Peter S. Fruin**
pfruin@maynardcooper.com

**Randall K. Pulliam**
rpulliam@cauleybowman.com

**Richard A. Lockridge**
ralockridge@locklaw.com

**Scott L. Adkins**
sadkins@sonnerez.com

**Scott T. Beall**
sbeall@bealllaw.com

**Seymour Warren**
fwatson@watsonburns.com

**Shepherd D. Tate**
state@bassberry.com

**Steven Lawrence Polk**
larry.polk@sutherland.com

**Timothy A. Duffy**
tduffy@kirkland.com

**W. Brantley Phillips, Jr.**
bphillips@bassberry.com

Furthermore, I hereby certify that I have mailed the document via the U.S. Postal Service to the following non-CM/ECF participants:

**Paul J. Dobrowski**
DOBROWSKI LLP
1010 Lamar, Ste. 1350
Houston, TX 77002

**Robert A. Izard**
**Jeff Nobel**
**Nancy A. Kulesa**
IZARD NOBEL
29 South Main Street, Suite 215
West Hartford, CT 06107

**Richard M. Heimann**
LIEFF CABRASER HEIMANN &
      BERNSTEIN, LLP
Embarcadero Center West
275 Battery St., 30th Floor
San Francisco, CA 94111-3339

              /s/Kevin C. Logue
                Kevin C. Logue

LEGAL_US_E # 94080514.7