IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE REGIONS MORGAN KEEGAN             :
SECURITIES, DERIVATIVE and ERISA        :
LITIGATION                              :
                                        :  No. 2:09-md-02009-SHM
                                        :
This Document Relates to:               :
                                        :
*In re Regions Morgan Keegan Closed-End*:  Oral Argument Requested
*Fund Litigation*                       :
                                        :
                                        :
No. 2:07-cv-02830-SHM-dkv               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REGIONS FINANCIAL CORPORATION'S
REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
<u>THE CONSOLIDATED AMENDED COMPLAINT IN THE CLOSED-END FUNDS CASE</u>**

<div style="margin-left: 40%">

Peter S. Fruin
Scott S. Brown
**MAYNARD, COOPER & GALE, P.C.**
1901 6th Avenue North, Suite 1900
Birmingham, Alabama 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
Email: pfruin@maynardcooper.com

David B. Tulchin
David E. Swarts
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: tulchind@sullcrom.com

*Attorneys for Regions Financial Corporation*

</div>

August 12, 2011

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ...................................................................................................................................1

CONCLUSION ................................................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Azzolini* v. *CorTs Trust II for Provident Financial Trust I*,
   2005 WL 2253971 (E.D. Tenn. Sept. 16, 2005) ..................................................................2, 3

*In re Prison Realty Sec. Litig.*,
   117 F. Supp. 2d 681 (M.D. Tenn. 2000) ...................................................................................2

*Janus Capital Group, Inc.* v. *First Derivative Traders*,
   131 S. Ct. 2296 (2011) ..............................................................................................................3

*Kalin* v. *Xanboo, Inc.*,
   526 F. Supp. 2d 392 (S.D.N.Y. 2007) ..................................................................................3, 4

*PR Diamonds, Inc.* v. *Chandler*,
   364 F.3d 671 (6th Cir. 2004) ....................................................................................................4

*Sanders Confectionery Products, Inc.* v. *Heller Financial, Inc.*,
   973 F.2d 474 (6th Cir. 1992) ................................................................................................2, 4

**STATUTES**

Section 10(b) of the Securities Exchange Act of 1934,
   15 U.S.C. § 78j(b) ....................................................................................................................3

Section 20(a) of the Securities Exchange Act of 1934,
   15 U.S.C. § 78t(a) ....................................................................................................................1

**RULE**

17 C.F.R. § 240.10b-5 .....................................................................................................................3

Defendant Regions Financial Corporation ("Regions Financial") respectfully submits this reply memorandum in further support of its motion to dismiss the Consolidated Amended Class Action Complaint (the "complaint" or "CAC") in this action. Regions Financial also joins in and incorporates by reference the Reply Memorandum of Law in Further Support of Motion to Dismiss filed this date by defendants Morgan Keegan & Company, Inc. ("Morgan Keegan"), Morgan Asset Management, Inc. ("MAM") and MK Holding, Inc. ("MK Holding") (the "Morgan Keegan Reply Brief").

In this action, Plaintiffs assert that Regions Financial is liable as a "control person" under Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a), for the alleged primary securities laws violations of four Morgan Keegan closed-end investment funds (the "Funds"). Plaintiffs' argument in opposition to Regions Financial's motion to dismiss misses the mark by a wide margin, because plaintiffs confuse the power to control with the actual exercise of control. Under the law of the Sixth Circuit, a Section 20(a) claim may survive a motion to dismiss only where it adequately alleges <u>both</u> the power to control and the actual exercise of control. Nowhere in the two pages plaintiffs devote to their Section 20(a) claim against Regions Financial (out of their 99-page opposition brief) do they even assert that the complaint adequately alleges that Regions Financial exercised control. (*See* Opp. at 90-92.) Accordingly, Regions Financial's motion should be granted.

## ARGUMENT

The only claim against Regions Financial is for control person liability. In the Sixth Circuit, a plaintiff must allege two separate elements to establish Section 20(a) control: (i) "power to control the specific transaction or activity upon which the primary violation is predicated," and (ii) that the defendant "actually participated in (i.e., exercised control over) the

operations of the" primary violator.  *Sanders Confectionery Products, Inc.* v. *Heller Financial, Inc.*, 973 F.2d 474, 486 (6th Cir. 1992).  *See also In re Prison Realty Sec. Litig.*, 117 F. Supp. 2d 681, 692 (M.D. Tenn. 2000); *Azzolini* v. *CorTs Trust II for Provident Financial Trust I*, 2005 WL 2253971, at *13 (E.D. Tenn. Sept. 16, 2005).  These two distinct elements must both be adequately alleged, and a court will dismiss a claim that alleges mere power to control, without adequately alleging the actual exercise of control.  *Sanders*, 973 F.2d at 486 (upholding district court's dismissal of control person claim because plaintiff did not adequately allege "actual[] participat[ion in] the operations" of primary violator).

In this action, the complaint does not adequately plead that Regions Financial actually exercised control over the Funds.  Although plaintiffs' opposition claims that certain individuals purportedly held simultaneous directorships at Regions Financial and the Funds,[1] this does nothing to remedy plaintiffs' failure to plead the "actual[] exercise[ of] control" over the Funds by Regions Financial.  The assertion of "cross-directorship and overlapping employees" (CAC ¶ 64), to the extent it is even relevant to Count V, goes only to the first prong of control

---

[1] In their opposition, plaintiffs attempt to amplify the complaint by referring to and extrapolating on a self-created diagram in the CAC that purports to show that certain officers and directors were connected with Regions Financial, the Funds, and certain other defendants.  (CAC ¶ 64.)  The diagram does not even indicate which individuals held which positions at which times.  Further, with respect to one defendant, Carter E. Anthony, plaintiffs allege elsewhere in the CAC that Anthony was a director and an officer at Regions Financial from 2000 to 2002, and an officer at the Funds from 2003 until 2006.  (CAC ¶ 57.)  In other words, according to plaintiffs' own allegations, Anthony's position at Regions Financial never coincided with his position with the Funds.  Plaintiffs' allegations about Allen B. Morgan and J. Kenneth Alderman also fail to make clear when plaintiffs allege that they held positions at Regions Financial.

person liability: the power to control.[2] This assertion has nothing to do with the second prong: actual exercise of control over the Funds' operations.

The only allegations in the complaint that even touch on the "actual exercise" of control are in ¶¶ 363-364, where plaintiffs allege that all of the defendants named in Count V "materially participated in the conduct giving rise to the liability asserted herein" (CAC ¶ 363), and "had knowledge of, and participated in, the Funds' transaction of business, and otherwise by exercising control over the Funds." (CAC ¶ 364.) These are mere conclusory statements; plaintiffs have pleaded not a single fact to support their Section 20(a) claim. Such conclusory statements, on their own, are insufficient. *Azzolini*, 2005 WL 2253971, at *13 (dismissing control person claim because plaintiffs' allegations of control were merely "conclusive in nature").

Without any authority from or within the Sixth Circuit, plaintiffs are reduced to relying principally on *Kalin* v. *Xanboo, Inc.*, 526 F. Supp. 2d 392 (S.D.N.Y. 2007) for the proposition that a court will "deny[] dismissal" of a Section 20(a) control person liability where a plaintiff alleges "substantial stock ownership, shared officers and principals, and at least some direct involvement." (Opp. at 92.) Far from "denying dismissal" of the Section 20(a) claim, however, the *Kalin* court *actually dismissed* the Section 20(a) claim, holding that a company

---

[2]  Plaintiffs cite a recent Supreme Court case, *Janus Capital Group, Inc.* v. *First Derivative Traders*, 131 S. Ct. 2296 (2011), for the proposition that "a robust interpretation of controlling person liability, based on an undefined 'relationship of influence,' is warranted." (Opp. at 92.) Plaintiffs misread *Janus*. The Supreme Court there held that Section 10(b) claims can be brought only against parties with "ultimate authority" over an alleged misstatement. *Janus*, 131 S. Ct. at 2302. The court mentioned control person liability only briefly—and in dicta—when it *declined* to adopt a theory of primary liability that would effectively expand Section 20(a) liability. *Janus*, 131 S. Ct. at 2304.

cannot be liable for the primary violations of a second company merely because the two companies share a principal.  *Kalin*, 526 F. Supp. 2d at 407.

In short, plaintiffs have not pleaded facts sufficient to allege the exercise of control by Regions Financial over the Funds.  As the Sixth Circuit in *Sanders* recognized, where the allegations of a complaint make clear that control has not been adequately pleaded, a Section 20(a) claim should be dismissed.  *Sanders*, 973 F.2d at 485-86.[3]

---

[3] Moreover, plaintiffs do not dispute that, in order to state a claim under Section 20(a), they must also adequately allege a primary violation of the securities laws by a person controlled by Regions Financial.  *PR Diamonds, Inc.* v. *Chandler*, 364 F.3d 671, 696 (6th Cir. 2004).  As demonstrated in the Morgan Keegan Opening and Reply Briefs, plaintiffs have failed to adequately plead a primary violation by the Funds, and accordingly plaintiffs' control person claim against Regions Financial should be dismissed for this reason as well.

-5-

## CONCLUSION

Regions Financial's motion to dismiss with prejudice should be granted.

Dated:  August 12, 2011

                                        Respectfully Submitted,

                                        /s/ *Scott S. Brown*_____
                                        Peter S. Fruin
                                        Scott S. Brown
                                        **MAYNARD, COOPER & GALE, P.C.**
                                        1901 6th Avenue North, Suite 1900
                                        Birmingham, Alabama 35203
                                        Telephone:  (205) 254-1000
                                        Facsimile:   (205) 254-1999
                                        Email: pfruin@maynardcooper.com

                                        David B. Tulchin
                                        David E. Swarts
                                        **SULLIVAN & CROMWELL LLP**
                                        125 Broad Street
                                        New York, New York  10004
                                        Telephone:  (212) 558-4000
                                        Facsimile:   (212) 558-3588
                                        Email:  tulchind@sullcrom.com

                                        *Attorneys for Regions Financial Corporation*

-6-

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing memorandum was electronically filed this 12th day of August 2011, using the CM/ECF system which will automatically serve a copy of this pleading on all parties of record.

/s/ *Scott S. Brown*_____
Scott S. Brown