IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION<br><br>This Document Relates to:<br><br>*In re Regions Morgan Keegan Closed-End Fund Litigation*,<br><br>No. 07-cv-02830-SHM-dkv | No. 09-md-02009-SHM |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF FILING SUPPLEMENTAL AUTHORITY**

Lead Plaintiffs Lion Fund, L.P., Dr. J. Samir Sulieman and Larry Lattimore, and C. Fred Daniels, as Trustee *ad Litem* for the Leroy McAbee, Sr. Family Foundation Trust, the Harold G. McAbee Family Trust, the KPS Group, Inc. Profit Sharing Retirement Plan, the Boyd F. Horn IRA Rollover Trust, the Alice C. Cade for the benefit of Carroll Corbin Bays Trust, and the Patricia Penzone Irrevocable Trust for the benefit of Charles A. Penzone, on behalf of the Class and TAL Subclass (collectively, "Plaintiffs"), respectfully submit this response to Defendants' Notice of Filing Supplemental Authority (Dkt. No. 240, Nov. 1, 2011) and in further opposition to Defendants' motions to dismiss the Complaint (Dkt. Nos. 196-202, Apr. 13, 2011).

**A.**     *Ex parte Morgan Asset Management (Reed)*

The Morgan Keegan Defendants cite the Alabama Supreme Court's decision in *Ex parte Morgan Asset Management, Inc. (In re Jean W. Reed v. Regions Bank)*, No. 1100714, 2011 Ala.

LEXIS 138 (Ala. Sept. 9, 2011) ("*Reed*"), as an add-on to that court's prior decision in *Ex parte Regions Financial Corp.*, 67 So. 3d 45 (Ala. 2010) ("*Rice*").

As discussed in Plaintiffs' brief in opposition to Defendants' motions to dismiss (Dkt. No. 213, at 55-57), this Court was correct when it held in the Open-End Funds litigation that *Rice* did not support a finding that plaintiffs' federal securities claims plead inactionable corporate mismanagement or are derivative in nature, and the Court should again decline to follow *Rice* here.  *See In re Regions Morgan Keegan Open-End Mut. Fund Litig.*, Nos. 07-2784, MDL 2009, 2010 WL 5464792, at *5 (W.D. Tenn. Dec. 30, 2010) ("Material misrepresentations in a registration statement of the risk posed by the Funds' holdings are actionable under the '33 Act.  An allegation that a statement was false when made is actionable under the federal securities laws and does not state an invalid mismanagement or fraud-by-hindsight claim.") (citations omitted) (denying motions for reconsideration) (Mays, J.).

*Reed* is indistinguishable from *Rice*.  Defendants do not argue otherwise, and in fact note that the court in *Reed* "reaffirmed its holding in" *Rice*.  Defs. Ntc. of Filing Suppl. Auth. (Dkt. No. 240) at 2.  Therefore, *Reed*, for the same reasons as *Rice*, does not support a finding that Plaintiffs' federal securities claims are derivative or plead mismanagement rather than fraud.

Moreover, *Reed* makes clear that the claims there were in fact derivative in nature.  In addition to their claims for breach of fiduciary duty, negligence, wantonness and other state-law corporate governance-type claims, the *Reed* plaintiffs alleged material misrepresentations in personal account statements and communications with brokers—not public regulatory filings directed to all investors—and under the theory that in reliance on those misrepresentations, plaintiffs "**continued to allow Regions to serve** as investment manager, investment adviser, and fiduciary for the [s]ubject [t]rusts" and "**continued to hold** the investment in the RMK [f]unds in

- 2 -

the [s]ubject [t]rusts." 2011 Ala. LEXIS 38, at *6 (emphases added) (alterations in original). This theory focuses on the ongoing fiduciary relationship, which is central to derivative claims, and there are no direct "holder" claims under the federal securities laws. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 80-81 (2006) (citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975)).

### B.     *Morgan Keegan & Co. v. Garrett*

The court in *Morgan Keegan & Co. v. Garrett*, No. 10-cv-04308, 2011 U.S. Dist. LEXIS 115420 (S.D. Tex. Sept. 30, 2011), defines a claim as derivative "if the plaintiff's injury is the same as the company's injury." *Id.* at *4. Here, Plaintiffs and the Class were injured by the sharp declines in value of the Funds' shares caused by misrepresentations to the public while the Funds, in contrast, were injured by the decline in value of their assets caused by mismanagement. These are two distinct injuries which, appropriately, investors are seeking to remedy in two distinct litigations before this Court: this class action and the *Helios* derivative action.

Beyond that, the *Garrett* opinion is entirely conclusory. The court states that claimants "said that [Morgan Keegan] misled them to invest in bond funds" and "sued for fraud and said Morgan Keegan intentionally lied about the fund's value." *Id.* at *1, *4. That sheds no light on the allegations and claims there with regard to the direct-versus-derivative issue. *Garrett*, like *Rice*, accordingly does not support dismissal.

### C.     Consent Order of the Georgia Securities Commissioner

Plaintiffs also wish to bring to the Court's attention the Administrative Consent Order recently issued by the Georgia Commissioner of Securities in *In re Morgan Asset Management & Morgan Keegan & Co.*, Case No. ENSC-01428 (Ga. Sec. Comm'r Oct. 17, 2011).

- 4 -

This Consent Order, annexed hereto as Exhibit A, was issued in connection with the extraordinary $210 million settlement of the administrative proceedings brought against Morgan Keegan, Morgan Asset Management, and other Defendants herein by the SEC and a joint task force of State securities regulators.  The Consent Order sets forth findings of fact that confirm or are otherwise consistent with many of Plaintiffs' allegations, and is substantially similar to the Alabama, Kentucky, Mississippi, South Carolina, and Tennessee Consent Orders that Plaintiffs submitted to the Court on June 29, 2011 (Dkt. No. 216).

Dated:  November 7, 2011

Respectfully submitted,

BRANSTETTER, STRANCH
  & JENNINGS, PLLC

*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR# 023045)
227 Second Avenue North
Nashville, Tennessee  37201
Telephone:  (615) 254-8801
Facsimile:   (615) 250-3937

*Liaison Counsel for Lead Plaintiffs*

Joel H. Bernstein
David J. Goldsmith
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477

*Lead Counsel for Lead Plaintiffs*
*Lion Fund, L.P., Dr. J. Samir*
*Sulieman and Larry Lattimore*

- 5 -

Crawford S. McGivaren
R. Carlton Smyly
CABANISS, JOHNSTON, GARDNER
  DUMAS & O'NEAL LLP
Suite 700, Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
Telephone:  (205) 716-5237
Facsimile:   (205) 716-5389

*Additional Counsel for the Trustee* ad Litem

George S. Trevor
PEARSON, SIMON, WARSHAW
  & PENNY, LLP
44 Montgomery Street, Suite 2450
San Francisco, California  94104
Telephone:  (415) 433-9000
Facsimile:   (415) 433-9008

*Additional Counsel for Plaintiffs*