IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | )<br>)<br>)<br>) |
| | ) No. 2:09-md-02009-SHM |
| This Document Relates to: | )<br>) |
| *In re Regions Morgan Keegan Closed-End Fund Litigation*, | )<br>)<br>) |
| No. 2:07-cv-02830-SHM-dkv | )<br>)<br>) |

**MOTION TO AMEND ORDER OF MARCH 30, 2012 TO CERTIFY FOR
IMMEDIATE INTERLOCUTORY APPEAL AND FOR STAY
OF PROCEEDINGS PENDING APPEAL BY DEFENDANTS MORGAN
KEEGAN & COMPANY, INC., MORGAN ASSET MANAGEMENT,
INC., MK HOLDING, INC., REGIONS FINANCIAL
CORP., AND INDIVIDUAL DEFENDANTS**

Pursuant to Fed. R. Civ. P. 59 and 60 and 28 U.S.C. § 1292(b), Morgan Keegan & Company, Inc., Morgan Asset Management, Inc. ("MAM"), MK Holding, Inc., Regions Financial Corporation, J. Kenneth Alderman, Allen B. Morgan, Jr., Brian B. Sullivan, Joseph T. Weller, and James C. Kelsoe, Jr. (collectively, "Defendants"), respectfully move the Court to amend its Order of March 30, 2012 (ECF No. 246 (the "Order")) to include a statement certifying the decision for immediate interlocutory appeal to the United States Court of Appeals for the Sixth Circuit on three controlling questions of law. In addition, Defendants respectfully request a stay of all proceedings in this matter until this motion, and any resulting appeal, are resolved by the Sixth Circuit Court of Appeals.

On March 30, 2012, this Court entered its Order that denied, in part, Defendants' motions to dismiss Plaintiffs' Consolidated Amended Class Action Complaint. Based on this Order, the following three controlling questions of law exist for interlocutory appeal.

1. **Whether Sixth Circuit precedent prohibits Plaintiffs from relying on a previously filed class action to toll the statutes of limitations for a subsequently filed class action, under the doctrine set forth in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974).**

In the Order, the Court ruled that the tolling doctrine of *American Pipe* applied and allowed a previously-filed class action complaint to toll the applicable statutes of limitations for Plaintiffs. (Order at 8-9.) In so concluding, this Court declined to follow the plain language of *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), which prohibits the tolling of statutes of limitations for subsequently filed class actions. Without tolling, Plaintiffs' claims are time barred under the statutes of limitations set forth in 15 U.S.C. § 77m and 28 U.S.C. § 1658(b)(1). Whether or not the Sixth Circuit would allow stacking of putative class actions to toll the applicable limitations periods is a controlling legal issue for interlocutory appeal.

2. **Whether Plaintiffs may rely on the *American Pipe* tolling doctrine to toll the Securities Act of 1933's three-year statute of repose.**

This Court effectively concluded in its Order that the *American Pipe* tolling doctrine applies to the Securities Act of 1933's three-year statute of repose. (Order at 23-24.) Absent tolling, Plaintiffs' 1933 Act claims asserted on behalf of the Class are time-barred. To date, the Sixth Circuit has not addressed whether tolling can apply to the 1933 Act's three-year repose period, and a split of authority currently exists among other courts, making this issue ripe for interlocutory review.

3. **Whether, in light of *Janus Capital Group, Inc. v. First Derivative Traders*, 131 S. Ct. 2296 (2011), Defendant Kelsoe, an employee of MAM (the Funds' investment adviser), made any alleged false or misleading statement or omission himself, as required under the Securities Exchange Act of 1934.**

Finally, this Court did not consider the impact of the recent United States Supreme Court decision, *Janus Capital Group*, and whether any of the alleged misstatements issued by the Funds, in the Funds' names, can be attributed to Defendant James C. Kelsoe, Jr., an employee of

MAM and not the Funds.  Under *Janus*, only the investment company itself (*i.e.*, the Funds) may be held liable under the 1934 Act as the "maker" of an allegedly fraudulent misstatement or omission contained in the Fund's public filings, not the investment adviser or its employees like Defendant Kelsoe.  Importantly, neither the Court's Order nor Plaintiffs' Complaint discuss any public statements that were *made* by Kelsoe.  As a result, Plaintiffs' 1934 Act claims against Kelsoe are subject to dismissal on appeal, making this issue ripe for interlocutory appeal.[1]

WHEREFORE, for all the foregoing reasons and those reasons set forth more fully in the accompanying memorandum of law, which is incorporated herein by reference, Defendants respectfully request that the Court (1) amend its Order of March 30, 2012 to certify it for immediate interlocutory appeal to resolve these three questions of law, and (2) stay all proceedings in this Court pending a decision by the Court of Appeals.  A stay of proceedings is appropriate under 28 U.S.C. § 1292(b) to allow Defendants to contest the sufficiency of Plaintiffs' allegations and save the parties and the Court from significant waste of both judicial and party resources if discovery is allowed to begin while the appeal is pending.

---

[1] Because the Court largely relied on Kelsoe's purported scienter to sustain Plaintiffs' 1934 Act claims against the Funds—the only other remaining 10(b) Defendant—a determination that Kelsoe is not liable under *Janus* would also negate Plaintiffs' ability to allege scienter against the Funds and defeat those claims as well, along with Plaintiffs' control person claims under § 20(a) of the 1934 Act.

Dated:  April 25, 2012

                BASS, BERRY & SIMS PLC

By: /s/ Britt K. Latham
    Michael L. Dagley
    Britt K. Latham
    W. Brantley Phillips, Jr.
    150 Third Avenue South, Suite 2800
    Nashville, TN 37201
    blatham@bassberry.com
    mdagley@bassberry.com
    bphillips@bassberry.com
    (615) 742-6200

    Shepherd D. Tate
    Michael A. Brady
    100 Peabody Place, Suite 900
    Memphis, Tennessee   38103-3672
    state@bassberry.com
    mbrady@bassberry.com
    (901) 543-5900

    *Attorneys for Morgan Keegan & Company, Inc., Morgan Asset Management, Inc., and MK Holding, Inc.*

SUTHERLAND, ASBILL & BRENNAN, LLP

By: /s/ S. Lawrence Polk (by BKL with permission)
    S. Lawrence Polk
    999 Peachtree Street N.E.
    Atlanta, GA 30309-3996

    *Attorney for Defendant J. Kenneth Alderman, Allen B. Morgan, Jr., Brian B. Sullivan, Joseph T. Weller, and James C. Kelsoe, Jr.*

4

                      MAYNARD, COOPER & GALE, P.C.

By: <u>/s/ Peter S. Fruin (by BKL w/ Permission)</u>
     Peter S. Fruin
     1901 Sixth Avenue, North
     Suite 2400
     Birmingham AL 35203
     (205) 254-1068

     *Attorneys for Regions Financial Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2012, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and/or served the following via U.S. Mail:

**BRANSTETTER STRANCH JENNINGS, PLLC**
J. GERARD STRANCH, IV
227 Second Avenue, North
Nashville, TN 37201

**SUTHERLAND ASBILL & BRENNAN, LLP**
S. LAWRENCE POLK
999 Peachtree Street NE
Atlanta, GA 30309

**LABATON SUCHAROW LLP**
JOEL H. BERNSTEIN
LOUIS GOTTLIEB
DAVID J. GOLDSMITH
STEFANIE J. SUNDEL
MICHAEL WOOLLEY
140 Broadway
New York, NY 10005

**SULLIVAN & CROMWELL LLP**
DAVID B. TULCHIN
DAVID E. SWARTS
125 Broad Street
New York, New York 1004

**PEARSON SIMON WARSHAW & PENNY, LLP**
GEORGE S. TREVOR
44 Montgomery Street, Suite 2450
San Francisco, CA 94104

**MAYNARD COOPER & GALE PC**
PETER S. FRUIN
2400 Regions Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

**CABANISS JOHNSTON GARDNER DUMAS & O'NEAL LLP**
CRAWFORD S. MCGIVAREN
R. CARLTON SMYLY
Suite 700, Park Place Tower
2001 Park Place North
Birmingham, AL 35203

**PURSLEY LOWERY MEEKS LLP**
R. HAL MEEKS
260 Peachtree Street NW
Atlanta, GA 30303

**PAUL HASTINGS JANOFSKY & WALKER LLP**
KEVIN C. LOGUE
75 E. 55th Street
New York, NY 10022

/s/ Britt K. Latham