# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE REGIONS MORGAN KEEGAN | ) | No. 2:09-md-02009-SHM |
| SECURITIES, DERIVATIVE and ERISA | ) | |
| LITIGATION | ) | |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| *In re Regions Morgan Keegan Closed-End* | ) | |
| *Fund Litigation*, | ) | |
| No. 2:07-cv-02830-SHM-dkv | ) | |
| | ) | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending before the Court entitled *In re Regions Morgan Keegan Closed-End Fund Litigation*, No. 2:07-cv-02830, in the United States District Court for the Western District of Tennessee (the "Action")[1];

WHEREAS, the Court has received the motion for preliminary approval of the Settlement Agreement and the Court has reviewed the Settlement Agreement, which has been entered into by counsel for Plaintiffs and counsel for Defendants, and its attached Exhibits; and

WHEREAS, Plaintiffs having made a motion for preliminary approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e) ("Federal Rule 23"), and for entry of an order preliminarily approving the Settlement of this Action, in accordance with the Settlement Agreement, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein (the "Settlement");

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      The Court finds that: (a) the Settlement resulted from arm's-length negotiations; and (b) the Settlement is sufficiently fair, reasonable, and adequate to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

3.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2013 at _____ ____.m, at the Clifford Davis / Odell Horton Federal

---

[1]      For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation and Agreement of Settlement, with Exhibits thereto, dated October 12, 2012 (the "Settlement Agreement"), and the terms used herein shall have the same meaning as in the Settlement Agreement.

Building, 167 N. Main Street, 11th Floor, Courtroom #2, Memphis, TN 38103, to determine: whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether to finally certify a settlement class; whether the Final Judgment and Order of Dismissal, attached as Exhibit B to the Settlement Agreement, should be entered; whether the proposed plan of allocation for the proceeds of the Settlement ("Plan of Allocation") should be approved; and the amount of attorneys' fees and expenses that should be awarded to Lead Counsel.

4.      Pursuant to Federal Rule 23, the Court preliminarily certifies, solely for the purposes of effectuating this Settlement, the following Class:

> All Persons who purchased or otherwise acquired the publicly traded shares of (i) RMH between June 24, 2003 and July 14, 2009, inclusive, and were damaged thereby; (ii) RSF between March 18, 2004 and July 14, 2009, inclusive, and were damaged thereby; (iii) RMA between November 8, 2004 and July 14, 2009, inclusive, and were damaged thereby; (iv) RHY between January 19, 2006 and July 14, 2009, inclusive, or pursuant or traceable to the Registration Statement, Prospectus, and Statement of Additional Information (the "RHY Offering Materials") filed by RHY on or about January 19, 2006 with the SEC, and were damaged thereby; and (v) all members of the TAL Subclass.

Excluded from the Class and as Class Members are the Defendants; the members of the immediate families of the Defendants; the subsidiaries and affiliates of Defendants; any person who is an executive officer, director, partner or controlling person of the Closed-End Funds or any other Defendant (including any of its subsidiaries or affiliates, which include but are not limited to Morgan Asset Management, Inc., Regions Bank, Morgan Keegan, RFC, and MK Holding, Inc.); any entity in which any Defendant has a controlling interest; any Person who has filed a proceeding with FINRA against one or more Released Defendant Parties concerning the

3

purchase of shares in one or more of the Closed-End Funds during the Class Period and such proceeding was not subsequently dismissed to allow the Person to specifically participate as a Class Member; any Person who has filed a state court action that has not been removed to federal court, against one or more of the Defendants concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and whose claims in that action have been dismissed with prejudice, released, or fully adjudicated absent a specific agreement with such Defendant(s) to allow the person to participate as a Class Member; and the legal representatives, heirs, successors and assigns of any such excluded person or entity.  These exclusions do not extend to trusts or accounts as to which the control or legal ownership by any Defendant (or by any subsidiary or affiliate of any Defendant) is derived or arises from an appointment as trustee, custodian, agent, or other fiduciary ("Fiduciary Accounts") unless with respect to any such Fiduciary Account any Person has filed a proceeding with FINRA against one or more Released Defendant Parties concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and such proceeding was not subsequently dismissed to allow the Person to specifically participate as a Class Member; any Person who has filed a state court action that has not been removed to federal court, against one or more of the Defendants concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and whose claims in that action have been dismissed with prejudice, released, or fully adjudicated absent a specific agreement with such Defendant(s) to allow the Person to participate as a Class Member (and such exclusion shall apply to the legal representatives, heirs, successors and assigns of any such excluded Person, entity or Fiduciary Account).  With respect to Closed-End Fund shares for which the TAL Orders authorize the Trustee *Ad Litem* to prosecute the claims or causes of action pleaded in the Complaint in the Action ("TAL Represented Closed-End Fund Shares"), "Class"

and "Class Member" also excludes Persons who are, or were during the Class Period, trust and custodial account beneficiaries, principals, settlors, co-trustees, and others owning beneficial or other interests in the TAL Represented Closed-End Fund Shares ("Such Persons"), but this exclusion applies only to any claims or causes of action of Such Persons that the Trustee *Ad Litem* is not authorized by the TAL Orders to prosecute. With respect to Closed-End Fund Shares that are not TAL Represented Closed-End Fund Shares and in which Such Persons have a beneficial or other interest, the foregoing partial exclusion of Such Persons does not apply. Also excluded from the Class and as Class Members are those Persons who submit valid and timely requests for exclusion from the Class in accordance with the requirements set forth in the Notice.

5.      The Court preliminarily finds that certification of the Class meets the requirements of Federal Rule 23 as follows:

a.      The number of Class Members is so numerous that joinder of all Class Members is impracticable, thus satisfying Federal Rule 23(a)(l).

b.      There are questions of law and fact common to the Class, thus satisfying Federal Rule 23(a)(2).

c.      The claims of Lead Plaintiffs, as Court appointed class representatives, are typical of the Class they represent, thus satisfying Federal Rule 23(a)(3).

d.      The proposed class representatives and their counsel have and will fairly and adequately protect the interests of the Class, thus satisfying Federal Rule 23(a)(4).

e.      The questions of law and fact common to the Class predominate over any questions affecting only individual members, thus satisfying Federal Rule 23(b)(3).

f.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, thus satisfying Federal Rule 23(b)(3).

6.      Class Members are hereby provided an opportunity to be excluded from the Class. Such requests for exclusion shall, as set forth below, be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  The Parties have entered into a confidential supplemental agreement, which has been incorporated by reference into the Settlement Agreement, that provides that the Morgan Keegan Defendants and RFC shall have the option, which must be exercised unanimously, to terminate the Settlement on behalf of all Defendants and render the Settlement Agreement null and void in the event that requests for exclusion from the Class exceed certain agreed-upon criteria.

7.      The Court approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Proof of Claim"), and Summary Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses ("Summary Notice"), in substantially the forms annexed as Exhibits 1 - 3 hereto, and finds that the mailing and distribution of the Notice and Proof of Claim and publishing of the Summary Notice, as set forth herein, meet the requirements of Federal Rule 23, due process, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8.      The Court hereby appoints The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of the claims, as more fully set forth below and as set forth in the Settlement Agreement:

a.      Pursuant to the Parties' Settlement Agreement, not later than ten (10) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed by first class mail, postage prepaid, to all Class Members who can be identified with reasonable effort.  Morgan Keegan & Company, Inc. and the Closed-End Funds, to the extent they have not already done so, shall use their best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, the information described in paragraph 36 of the Settlement Agreement concerning the purchasers of record of the Closed-End Funds during the Class Period, no later than seven (7) calendar days after entry of this Order.

b.      The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired the shares of the Closed-End Funds during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (ii) request additional copies of the Notice and Proof of Claim, and within seven (7) calendar days of receipt of such copies send them by first-class mail directly to the beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record

7

holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

c.      Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily*, and on a different day to be transmitted over PRNewswire.

d.      Not later than twenty (20) business days after entry of this Order, the Claims Administrator shall cause the Settlement Agreement and its Exhibits and a copy of the Notice to be posted on the Settlement website, which shall be created and maintained by the Claims Administrator or Lead Counsel.

e.      Lead Counsel shall, at least seven (7) days prior to the Settlement Hearing, file with the Court and serve on Defendants' counsel proof of such mailing, publishing, and posting as set forth above.

f.      At least five (5) business days before the Settlement Hearing, the Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration from the Claims Administrator, of the date and service upon the appropriate official(s) of the notice(s) set forth in 28 U.S.C. § 1715(b). This Court will not issue any final approval of the Settlement or enter the Judgment as provided in the Settlement Agreement until such proof has been filed with the Court, and in no event earlier than ninety (90) days after the date on which the appropriate official was served with the 28 U.S.C. § 1715(b) notice. Other than the notice(s) under by 28 U.S.C. § 1715(b) and the provision of names and addresses, pursuant to paragraph 36 of the

Settlement Agreement, Defendants are not obligated to bear any cost associated with mailing and publishing any notice as set forth above.

9.      All Class Members (other than those persons or entities who shall timely and validly request exclusion from the Class) shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

10.      A Class Member wishing to make an exclusion request shall mail a written request to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.   Such request for exclusion must state the name, address, and telephone number of the person or entity seeking exclusion, that the person requests exclusion from the Class in "*In re Regions Morgan Keegan Closed-End Fund Litigation*, Case No. 2:07-cv-02830-SHM-dkv," and must be signed and dated by such person.   Such persons requesting exclusion are also directed to state: the date of each purchase or acquisition of Closed-End Fund shares during the period from June 24, 2003 through July 14, 2009, inclusive; and the number of shares purchased or acquired in each transaction. The request for exclusion shall not be effective unless it provides all of the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court or allowed by Lead Counsel and counsel for the Morgan Keegan Defendants and RFC.

11.      Class Members who timely and validly request exclusion from the Class as set forth above shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Settlement Agreement, unless otherwise ordered by the Court.

12.      In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the

Settlement Agreement, each Class Member shall take the following actions and be subject to the following conditions:

a.      A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court order or by Lead Counsel in their discretion.  Each Proof of Claim shall be deemed to have been submitted when mailed (if received with a postmark and if mailed by first-class or overnight mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement.

b.      The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court or specified in the instructions in the Proof of Claim form: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable; (iii) if the

10

person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

   c.   As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

  13.   Any Member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If a Class Member does not enter an appearance, Lead Counsel will represent them.

  14.   Any Member of the Class may appear at the Settlement Hearing (other than those Persons or entities who timely and validly request exclusion from the Class) and show cause, if he, she or it has any reason why: the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate; why a judgment should or should not be entered thereon; why the Plan of Allocation should or should not be approved; or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or the judgment to be entered thereon approving the same; or the Plan of Allocation; or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that person or entity has filed a written objection, papers, and briefs that comply with the requirements set forth in the Notice with the Clerk of the United States District Court for the Western District of Tennessee and delivered by hand or sent by mail to the parties below

the written objection, papers, and briefs filed with the Court such that the papers are received on

or before twenty-one (21) calendar days before the Settlement Hearing:

**COURT:**

Clerk of the Court
United States District Court for the
Western District of Tennessee
Clifford Davis/Odell Horton Federal Building
167 N. Main Street, Room 242
Memphis, Tennessee 38103

**LEAD COUNSEL:**
Joel H. Bernstein, Esq.
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005

**ATTORNEYS FOR THE TAL:**
R. Carlton Smyly, Esq.
CABANISS, JOHNSTON, GARDNER,
  DUMAS & O'NEAL LLP
2001 Park Place North, Suite 700
Birmingham, Alabama  35203

**ATTORNEYS FOR RFC:**
Peter S. Fruin, Esq.
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, Alabama  35203

**ATTORNEYS FOR THE MORGAN
KEEGAN DEFENDANTS:**
Britt K. Latham, Esq.
BASS BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee  37201

**ATTORNEYS FOR ALLEN B.
MORGAN, JR., J. KENNETH
ALDERMAN, BRIAN B. SULLIVAN,
JOSEPH T. WELLER, AND JAMES C.
KELSOE, JR.:**
S. Lawrence Polk, Esq.
SUTHERLAND ASBILL
  & BRENNAN, LLP
999 Peachtree Street, N.E.
Atlanta, Georgia  30309

**ATTORNEYS FOR THE
CLOSED-END FUNDS:**
Kevin C. Logue, Esq.
PAUL HASTINGS LLP
75 East 55th Street
New York, New York  10022

**ATTORNEYS FOR
CARTER E. ANTHONY:**
R. Hal Meeks, Esq.
PURSLEY LOWERY MEEKS LLP
260 Peachtree Street, N.W., Suite 2000
Atlanta, Georgia  30303

12

Any Member of the Class who does not make his, her or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement Agreement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

15.     Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses to Lead Counsel are required to indicate in their written objection their intention to appear at the Settlement Hearing, as set forth in the Notice. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses to Lead Counsel and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing, and comply with the requirements in the Notice.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

16.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved. No person who is not a Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

17.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

18.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Settlement Fund shall be under the authority of this Court.

19.     All papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees or expenses, shall be filed and served not later than thirty-five (35) days prior to the Settlement Hearing.  Any reply papers in further support of the Settlement, the Plan of Allocation and the application for attorneys' fees or expenses, shall be filed and served no later than ten (10) days prior to the Settlement Hearing.

20.     Neither the Defendants nor the Released Defendant Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement and will not affect any ruling on the approval of the Settlement.

21.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed in the Settlement and any application for attorneys' fees or reimbursement of expenses by Lead Counsel shall be approved.

22.     In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid on behalf of or by Defendants, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount shall be returned to

14

the entities that made the payment(s) within ten (10) business days after written notification of such event.  In such event, at the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), for refund to the applicable funder or as otherwise directed.

23.     This Preliminary Approval Order, the Settlement Agreement and its terms, the negotiations leading up to this Settlement Agreement, the fact of the Settlement, and the proceedings taken pursuant to the Settlement, shall not:  (1) be construed as an admission of liability or an admission of any claim or defense on the part of any party, in any respect; (2) form the basis for any claim of estoppel by any third party against any of the Released Defendant Parties; or (3) be admissible in any action, suit, proceeding, or investigation as evidence, or as an admission, of any wrongdoing or liability whatsoever by any of the Released Defendant Parties or as evidence of the truth of any of the claims or allegations contained in any complaint filed in the Action or deemed to be evidence of or an admission or concession that Plaintiffs or any Class Members have suffered any damages, harm, or loss.  Neither the Preliminary Approval Order, any Final Judgment or Final Alternative Judgment, or the Settlement Agreement, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any action taken to carry out the Preliminary Approval Order, any Final Judgment or Final Alternative Judgment, or the Settlement Agreement by any of the Parties shall be offered into evidence, or received in evidence in any pending or future civil, criminal or administrative action, arbitration, or proceeding, except: in a proceeding to enforce the Preliminary Approval Order, any Final Judgment or Final Alternative Judgment, or the Settlement Agreement, or to enforce any insurance rights; to defend against the assertion of Released Claims (including to

15

support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction); by Lead Counsel to demonstrate its adequacy to serve as class counsel pursuant to Federal Rule 23(g) (or its state law analogs); subject to the prohibited purposes identified in Paragraph 46 (a)-(e) of the Settlement Agreement and in Paragraph 23(1)-(3) above, by the Trustee *Ad Litem* or his counsel in any civil action or other legal proceedings in response to a challenge to the Trustee *Ad Litem's* compliance with his authority or responsibilities under the TAL Orders, or in a legal proceeding seeking a discharge of the Trustee *Ad Litem* under the TAL Orders; or as otherwise required by law.

24.     Pending final determination by the Court as to whether the Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate and should be finally approved and whether the Judgment dismissing the Action with prejudice should be approved, no Class Member shall commence or prosecute against any of the Defendants or the Released Defendant Parties any of the Released Claims in this Action, or in any other proceeding or forum.  This injunction is necessary to protect and effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

25.     Pending the Settlement Hearing, the Court hereby stays all proceedings in the Action, other than the proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

26.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

27.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement and/or the Plan of Allocation, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.


DATED: _____          _____
                                                HON. SAMUEL H. MAYS, JR.
                                                UNITED STATES DISTRICT JUDGE