UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | ) ) ) ) | Case No. 2:09-md-02009-SHM |
| This Document Relates to: | ) ) ) | |
| *In re Regions Morgan Keegan Closed-End Fund Litigation*, No. 2:07-cv-02830-SHM-dkv | ) ) ) | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This Court having considered: the Stipulation and Agreement of Settlement dated as of October 12, 2012, including all Exhibits thereto (the "Settlement Agreement"), between the Lion Fund L.P., Dr. Samir J. Sulieman, and Larry Lattimore (collectively, "Lead Plaintiffs"), and C. Fred Daniels in his capacity as Trustee *Ad Litem* for the Leroy S. McAbee, Sr. Family Foundation Trust (the "McAbee Foundation Trust") (the McAbee Foundation Trust together with the Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Class and TAL Subclass, and Morgan Keegan & Co., Inc., MK Holding, Inc., Morgan Asset Management, Inc., Regions Financial Corporation, the Closed-End Funds, Allen B. Morgan, Jr., J. Kenneth Alderman, Brian B. Sullivan, Joseph Thompson Weller, James C. Kelsoe, Jr., and Carter Anthony (collectively, "Defendants"); and having held a hearing on April 12, 2013; and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

### Introductory Findings

1.      This Final Judgment and Order of Dismissal ("Judgment") incorporates herein and makes a part hereof, the Settlement Agreement, including the Exhibits thereto.  Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members who did not timely file a valid request for exclusion from the Class by the March 22, 2013 deadline pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice entered January 4, 2013 (Docket No. 276) (the "Preliminary Approval Order").

### Affirmance of Class Certification

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Federal Rule 23"), the Court certifies this Action as a class action for settlement purposes and confirms certification of the following settlement Class, as ordered by the Court in the Preliminary Approval Order:

> All Persons who purchased or otherwise acquired the publicly traded shares of (i) RMH between June 24, 2003 and July 14, 2009, inclusive, and were damaged thereby; (ii) RSF between March 18, 2004 and July 14, 2009, inclusive, and were damaged thereby; (iii) RMA between November 8, 2004 and July 14, 2009, inclusive, and were damaged thereby; (iv) RHY between January 19, 2006 and July 14, 2009, inclusive, or pursuant or traceable to the Registration Statement, Prospectus, and Statement of Additional Information (the "RHY Offering Materials") filed by RHY on or about January 19, 2006 with the SEC, and were damaged thereby; and (v) all members of the TAL Subclass.

(a)       Excluded from the Class and as Class Members are the Defendants; the members of the immediate families of the Defendants; the subsidiaries and affiliates of Defendants; any person who is an executive officer, director, partner or controlling person of the Closed-End Funds or any other Defendant (including any of its subsidiaries or affiliates, which include but are not limited to Morgan Asset Management, Inc., Regions Bank, Morgan Keegan, RFC, and MK Holding, Inc.); any entity in which any Defendant has a controlling interest; any Person who has filed a proceeding with FINRA against one or more Released Defendant Parties concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and such proceeding was not subsequently dismissed to allow the Person to specifically participate as a Class Member; any Person who has filed a state court action that has not been removed to federal court, against one or more of the Defendants concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and whose claims in that action have been dismissed with prejudice, released, or fully adjudicated absent a specific agreement with such Defendant(s) to allow the person to participate as a Class Member; and the legal representatives, heirs, successors and assigns of any such excluded person or entity.  These exclusions do not extend to trusts or accounts as to which the control or legal ownership by any Defendant (or by any subsidiary or affiliate of any Defendant) is derived or arises from an appointment as trustee, custodian, agent, or other fiduciary ("Fiduciary Accounts") unless with respect to any such Fiduciary Account any Person has filed a proceeding with FINRA against one or more Released Defendant Parties concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and such proceeding was not subsequently dismissed to allow the Person to specifically participate as a Class Member; any Person who has filed a state court action that has not been removed to federal court, against one or more of the

3

Defendants concerning the purchase of shares in one or more of the Closed-End Funds during the Class Period and whose claims in that action have been dismissed with prejudice, released, or fully adjudicated absent a specific agreement with such Defendant(s) to allow the Person to participate as a Class Member (and such exclusion shall apply to the legal representatives, heirs, successors and assigns of any such excluded Person, entity or Fiduciary Account).  With respect to Closed-End Fund shares for which the TAL Orders authorize the Trustee *Ad Litem* to prosecute the claims or causes of action pleaded in the Complaint in the Action ("TAL Represented Closed-End Fund Shares"), "Class" and "Class Member" also excludes Persons who are, or were during the Class Period, trust and custodial account beneficiaries, principals, settlors, co-trustees, and others owning beneficial or other interests in the TAL Represented Closed-End Fund Shares ("Such Persons"), but this exclusion applies only to any claims or causes of action of Such Persons that the Trustee *Ad Litem* is not authorized by the TAL Orders to prosecute. With respect to Closed-End Fund Shares that are not TAL Represented Closed-End Fund Shares and in which Such Persons have a beneficial or other interest, the foregoing partial exclusion of Such Persons does not apply. Also excluded from the Class and as Class Members are those Persons who submit valid and timely requests for exclusion from the Class in accordance with the requirements set forth in the Notice.

4.      The Court confirms and incorporates its finding in the Preliminary Approval Order that the prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

a.      The Class is of sufficient size and geographical dispersion that joinder of all Class Members is impracticable, thus satisfying Federal Rule 23(a)(l).

b.      There are questions of law and fact common to the Class, thus satisfying Federal Rule 23(a)(2). Among the questions of law and fact common to the Class are: whether the Securities Act of 1933 and the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder were violated by Defendants' acts as alleged; whether statements made by Defendants to the investing public in the RHY Fund Registration Statements and Prospectuses misrepresented or omitted material facts; whether statements made by Defendants in the Closed-End Funds' public filings misrepresented or omitted material facts; and whether the Members of the Class have sustained damages and, if so, what is the proper measure thereof.

c.      Lead Plaintiffs' claims for violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder are typical of the claims of the Class, thus satisfying Federal Rule 23(a)(3).

d.      Lead Plaintiffs Lion Fund, L.P., Dr. J. Samir Sulieman, and Larry Lattimore, and C. Fred Daniels in his capacity as the Trustee *Ad Litem* for the Leroy McAbee, Sr. Family Foundation Trust, and their respective counsel, Labaton Sucharow LLP and Cabaniss Johnston Gardner Dumas & O'Neal LLP, will fairly and adequately protect the interests of the Class and the TAL Subclass, respectively, thus satisfying Federal Rule 23(a)(4).    Accordingly, Lead Plaintiffs are appointed as Class Representatives for the Class, the McAbee Foundation Trust is appointed as Subclass Representative for the TAL Subclass; and Lead Counsel is appointed as Class Counsel for the Class.

      e.      The questions of law and fact common to the Class predominate over any questions affecting only individual members, thus satisfying Federal Rule 23(b)(3).

      f.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, thus satisfying Federal Rule 23(b)(3).

In making all of the foregoing findings, the Court has exercised its discretion in certifying the Class.

### Class Notice Findings and Opt-Outs

5.      The record shows that Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order (Docket No. 276).  The Court finds that such Notice:  (i) constitutes reasonable and the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise all Class Members who could reasonably be identified of the pendency of the Action, the terms of the Settlement, and the Class Members' right to object to or exclude themselves from the Class and to appear at the settlement fairness hearing held on April 12, 2013 (the "Settlement Hearing"); (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process, Federal Rule 23, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-l(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and any other applicable law.

6.      The appropriate official(s) has been served with the notice(s) set forth in 15 U.S.C. § 1715(b) and was served at least ninety (90) days prior to the entry of this Order.

7.      No individuals or entities, other than those listed on Exhibit A hereto, have timely
and validly excluded themselves from the Class.  This Judgment shall have no force or effect on
the persons or entities listed on Exhibit A hereto.

### Approval of the Settlement

8.      In light of the benefits to the Class, the complexity, expense and possible duration
of further litigation against the Defendants, the risks of establishing liability and damages, and
the costs of continued litigation, the Court hereby fully and finally approves the Settlement,
pursuant to Federal Rule 23, as set forth in the Settlement Agreement in all respects, and finds
that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of
Plaintiffs, the Class, and each of the Class Members.  This Court further finds the Settlement set
forth in the Settlement Agreement is the result of arm's-length negotiations between experienced
counsel representing the interests of the Class, the TAL Subclass, and Defendants.  The Court
has considered any submitted objections to the Settlement and hereby overrules them.

9.      The Parties are hereby directed to implement and consummate the Settlement
according to the terms and provisions of the Settlement Agreement. In addition, the Parties are
authorized to agree to and adopt such amendments and modifications to the Settlement
Agreement, or any Exhibits attached thereto, to effectuate the Settlement if they (i) are consistent
in all material respects with this Judgment, and (ii) do not limit the rights of the Class in
connection with the Settlement.  Without further order of the Court, the Parties may agree to
reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

### Dismissal of Claims and Release

10.     Except as to any individual claim of those Persons who have been excluded from
the Class (identified in Exhibit A attached hereto), the Action and all claims asserted therein is

dismissed with prejudice by the Plaintiffs and the other Members of the Class, and as against each and all of the Defendants.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

11.     The Court finds, after review of the record of this Action, including the Complaint and the dispositive motions, that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure, and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

12.     Upon the Effective Date of the Settlement (as defined in Paragraph 38 of the Settlement Agreement), the Plaintiffs (as defined in Paragraph 1(cc) of the Settlement Agreement, other than those Persons or entities listed on Exhibit A who have timely and validly requested exclusion from the Class) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (as defined in Paragraph 1(gg) of the Settlement Agreement) to the full extent set forth in the Settlement Agreement, including Unknown Claims (as defined in Paragraph 1(vv) of the Settlement Agreement), as against the Released Defendant Parties (as defined in Paragraph 1(hh) of the Settlement Agreement).

13.     Upon the Effective Date of the Settlement (as defined in Paragraph 38 of the Settlement Agreement), Defendants, on behalf of themselves, and their heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Plaintiff Parties (as defined in Paragraph 1(kk) of the Settlement Agreement) from all claims related to the commencement, continuation or prosecution of Released Defendants'

Claims (as defined in Paragraph 1(ii) of the Settlement Agreement), as set forth in the Settlement
Agreement.

14.   Upon the Effective Date of the Settlement (as defined in Paragraph 38 of the
Settlement Agreement), all Class Members, either directly, representatively, or in any other
capacity (other than those Persons or entities listed on Exhibit A who have timely and validly
requested exclusion from the Class), are hereby permanently enjoined from commencing,
continuing, or prosecuting against any or all Released Defendant Parties (as defined in Paragraph
1(hh) of the Settlement Agreement) any action or proceeding in any court or tribunal asserting
any of the Released Claims (as defined in Paragraph 1(gg) of the Settlement Agreement).   Upon
the Effective Date, and without any further action, the Lead Plaintiffs further shall not knowingly
and voluntarily assist in any way any third party in commencing or prosecuting any suit against
the Released Defendant Parties relating to any Released Claim, including any derivative suit not
otherwise released.

15.   Each Class Member, whether or not such Class Member executes and delivers a
Proof of Claim form, is bound by this Judgment, including, without limitation, the release of
claims as set forth in the Settlement Agreement and this Judgment.

16.   Any plan for allocating the Net Settlement Fund to eligible Class Members
submitted by Lead Counsel or any order regarding the Fee and Expense Application, or any
appeal modification or change thereof, shall in no way disturb or affect this Judgment or any
releases contained therein, and shall be considered separate from this Judgment.

17.   This Judgment, the Settlement Agreement and its terms, the negotiations leading
up to this Settlement Agreement, the fact of the Settlement, and the proceedings taken pursuant
to the Settlement, shall not:  (1) be construed as an admission of liability or an admission of any

claim or defense on the part of any party, in any respect; (2) form the basis for any claim of estoppel by any third party against any of the Released Defendant Parties; or (3) be admissible in any action, suit, proceeding, or investigation as evidence, or as an admission, of any wrongdoing or liability whatsoever by any of the Released Defendant Parties or as evidence of the truth of any of the claims or allegations contained in any complaint filed in the Action or deemed to be evidence of or an admission or concession that Plaintiffs or any Class Members have suffered any damages, harm, or loss.   Neither this Judgment, the Preliminary Approval Order, the Settlement Agreement, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any action taken to carry out this Judgment, the Preliminary Approval Order, or the Settlement Agreement by any of the Parties shall be offered into evidence, or received in evidence in any pending or future civil, criminal or administrative action, arbitration, or proceeding, except: in a proceeding to enforce this Judgment, the Preliminary Approval Order, the Settlement Agreement, or to enforce any insurance rights; to defend against the assertion of Released Claims (including to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction); by Lead Counsel to demonstrate its adequacy to serve as class counsel pursuant to Federal Rule 23(g) (or its state law analogs); subject to the prohibited purposes identified in Paragraph 46 (a)-(e) of the Settlement Agreement and in Paragraph 17(1)-(3) above, by the Trustee *Ad Litem* or his counsel in any civil action or other legal proceedings in response to a challenge to the Trustee *Ad Litem's* compliance with his authority or responsibilities under the TAL Orders, or in a legal proceeding seeking a discharge of the Trustee *Ad Litem* under the TAL Orders; or as otherwise required by law.

**<u>Continuing Jurisdiction</u>**

18.     Without affecting the finality of this Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement, the Settlement, and of this Judgment, to protect and effectuate this Judgment, and for any other necessary purpose.  Defendants, Plaintiffs and each Class Member are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Settlement or the Settlement Agreement, including the Exhibits thereto, and only for such purposes.  Without limiting the generality of the foregoing, and without affecting the finality of this Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, Defendants, Plaintiffs and each Class Member are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

19.     With respect to any future hearing or determination of any investment or distribution of the Net Settlement Fund to Class Members, the Plan of Allocation, the determination, administration or calculation of claims by claimants and attorneys' fees of Plaintiffs' counsel, or the payment or withholding of Taxes of the Settlement Fund,  Defendants have no responsibility for, interest in, or liability in connection with such matters and do not have to appear or participate in any hearing or determination for such separate matters.

20.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, or in the event that the

11

Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

21.    There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.


DATED: _____              _____
                                     HON.  SAMUEL  H.  MAYS,  JR.
                                     UNITED STATES DISTRICT JUDGE

12

EXHIBIT A

List of Persons and Entitles Excluded from the Class in

*In re Regions Morgan Keegan Closed-End Fund Litigation*,
No. 2:07-cv-02830-SHM-dkv

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Class:

|  |  |
|--|--|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |