```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| In re REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION | ) ) ) ) |
| This Document Relates to: | ) ) |
| In re Regions Morgan Keegan Closed-End Fund Litigation, | ) ) )    No. 2:09-2009 SMH V ) |
| No. 2:07-cv-02830-SHM-dkv | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Jerome Christenson, Gloria Christenson, and Jerome Christenson as IRA Beneficiary's (collectively the "Christensons") Motion for Reconsideration of the Court's April 10, 2013 Order. (Mot. for Recon., ECF No. 320.) The Christensons argue that the Court's interpretation of the class definition is a clear error of law. They also argue that manifest injustice would result both to them and to the class if they were prevented from objecting because they would be denied due process and the Court would not be able to consider the interests of the class members sufficiently in determining whether the Proposed Settlement should be accepted. (Id.) Lead Plaintiffs filed a Response on May 3, 2013. (Resp., ECF No. 322.)

For the following reasons, the Christensons' Motion is

DENIED.

### I. Background

The background of this case is stated in the Court's April 10, 2013 Order. (April 10 Order, ECF No. 309.) On March 21, 2013 the Christensons filed a Motion to Intervene, (ECF No. 291), and an Objection to the Lead Plaintiffs' Motion for Final Approval of the Proposed Settlement and Final Class Certification, (ECF No. 292). Lead Plaintiffs filed a combined response in opposition to the Christensons' Motion and Objection on April 2, 2013. (Resp., ECF No. 296.) On April 10, 2013, the Court entered its Order Denying the Christensons' Motion and disallowing their Objection. (April 10 Order.)

### II. Standard of Review

A motion for reconsideration of an interlocutory order may be granted if it complies with the requirements of Federal Rule of Civil Procedure 54(b) and of Western District of Tennessee Local Rule 7.3.[1] Rule 54(b) states that "any order or decision...that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of final judgment

---

[1] The Christensons' Motion does not comply with the requirements of Local Rule 7.2. It includes neither a proposed order nor a certificate of consultation with the parties. W.D. Tenn. R. 7.2(a)(1)(A)-(B). Because no rule would prevent the Christensons from refiling a conforming motion, and because the Court prefers to expedite the final determination of this matter, the Court will consider the Motion.

2

adjudicating all the claims and all the parties' rights and liabilities." The Sixth Circuit recognizes that Rule 54(b) gives district courts authority to hear motions for reconsideration. Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004). In the Sixth Circuit, "courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. Because the "Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders," Id., courts in this District rely on Local Rule 7.3 for further guidance. See, e.g., Bullwinkel v. United States DOE, No. 11-1082, 2013 U.S. Dist. LEXIS 25445, at *5-6 (W.D. Tenn. Jan. 17, 2013); Ward v. Shelby Cnty. Sheriff's Dep't, No. 10-02308, 2012 U.S. Dist. LEXIS 118359, at *4 (W.D. Tenn. Aug. 22, 2012).

Under Local Rule 7.3, "[b]efore the entry of a judgment adjudicating all of the claims . . . in a case, any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court." W.D. Tenn. R. 7.3(a). The moving party must specifically show:

> (1) A material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at

3

> the time of the interlocutory order; or
> (2) the occurrence of new material facts or a change of law occurring after the time of such order; or
> (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

W.D. Tenn. R. 7.3(b); see also Reynolds v. FedEx Corp., No. 09-2692-STA-cgc, 2012 U.S. Dist. LEXIS 172751, at *14 (W.D. Tenn. Dec. 4, 2012).

"Motions to reconsider . . . are used sparingly and in rare circumstances." In re Southeastern Milk Antitrust Litig., No. 2:07-CV-208, 2011 U.S. Dist. LEXIS 95784, at *5 (E.D. Tenn. Aug. 25, 2011). Although a court can grant motions to revise its prior rulings, it "'should not do so in the vast majority of instances, especially where such motions merely restyle or reshash the initial issues.'" Id. (quoting White v. Hitachi Ltd., No. 3:04-CV-20, 2008 U.S. Dist. LEXIS 25240, at *1 (E.D. Tenn. March 20, 2008)). Local Rule 7.3(c) "specifically prohibits a party from using a Motion for Reconsideration to 'repeat any oral or written arguments made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised.'" Reynolds, 2012 U.S. Dist. LEXIS 172751, at *15 (quoting W.D. Tenn. R. 7.3(c)).

**III. Analysis**

The Christensons do not argue that new evidence has emerged or that there has been a change of controlling law since the April

4

10 Order was entered. They argue instead that the Court's decision was based on a clear error of law and that manifest injustice will result if the Court does not revise its Order.

### A. Motion to Intervene

The Christensons do not address the denial of their Motion to Intervene. Because the Christensons have not attempted to show that the denial of their Motion to Intervene was based on a clear error of law or will result in manifest injustice, to the extent their Motion for Reconsideration might concern that decision, their Motion is DENIED.

### B. Clear Error

The Christensons argue that the Court's interpretation of the class definition, which it held precluded the Christensons from making an objection or appearing at the April 12, 2013 fairness hearing, constitutes clear error. (Mot. for Recon. 6-9.) They argue that it was not possible for the Christensons or anyone else to participate in the class prior to preliminary certification because until then it was only a putative class. (Id. at 6-8.) They also argue that the decision in a FINRA arbitration does not bar a party from bringing a claim in federal court, and that the class definition was intended to prevent "double dipping," a concern that does not apply to the Christensons. (Id. at 8-9, 5.)

The Christensons' main argument is that the Court's

5

interpretation of the settlement class definition, excluding from participation individuals and entities who pursued FINRA arbitrations and did not dismiss them specifically to allow participation in the class, cannot be correct because no class existed when their FINRA arbitration was dismissed.  The Christensons previously made this argument in their Reply to the Lead Plaintiffs' Response in Opposition to the Christensons' Objection.  (Reply 3-4, ECF No. 302-1.)  The moving party is barred by both Rule 54(b) and Local Rule 7.3 from repeating arguments previously made in support of or opposition to the interlocutory order it seeks to have revised.  W.D. Tenn. R. 7.3(c); see also Southeastern Milk, 2011 U.S. Dist. LEXIS 95784, at*5.  The Court need not consider this argument again.

   The Christensons also argue that the Court's interpretation of the class definition to exclude them was incorrect because the intent of the exclusionary language was to prevent a party from "double dipping" by "simultaneously proceeding with a FINRA case and also trying to be part of the class action."  (Mot. to Recon. 5.)  To satisfy Local Rule 7.3, the party moving for reconsideration of an order on the basis of clear error or manifest injustice must specifically allege "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order."  W.D. Tenn. R. 7.3(b).  The Christensons

6

do not specifically allege any material facts or dispositive legal arguments, either new or previously ignored by the Court. The Christensons' argument does not comply with the requirements of Local Rule 7.3 and cannot serve as the basis for reconsideration of the April 10 Order.

The Christensons also argue that the dismissal of a FINRA arbitration in itself does not bar a plaintiff from bringing a securities action in federal court and that they should therefore be allowed to participate as class members and to object.  The Christensons made this argument in their Reply to the Lead Plaintiffs' Response in Opposition to the Christensons' Objection, and it cannot serve as the basis for reconsideration of the April 10 Order.  (Reply 3); see also W.D. Tenn. R. 7.3(c); see also Southeastern Milk, 2011 U.S. Dist. LEXIS 95784, at*5.  The argument also misunderstands the basis for the Court's decision.  The April 10 Order decided only that the Christensons did not fit within the class definition submitted by the Lead Plaintiffs and preliminarily accepted by the Court. The Order does not bar the Christensons from bringing any state or federal case based on their individual claims against the Defendants.  The Christensons' arguments about the preclusive effect of a FINRA dismissal are unrelated to the Court's determination that their claims are not encompassed by the class definition.  Those arguments cannot serve as a basis for

7

reconsideration of the April 10 Order.

### C. Manifest Injustice

The Christensons argue that the April 10 Order will result in manifest injustice to them and to the members of the class. They argue first that the class will suffer manifest injustice because the Christensons were not present at the fairness hearing to defend the interests of the absent class members. The Christensons claim that the class "received inadequate representation at the hearing by Lead Counsel," and that the Court's April 10 Order prevented them, the only knowledgeable objectors, from appearing at the hearing to contradict Lead Plaintiffs' misrepresentations. (Mot. for Recon. 3.) The Christensons do not make any supporting factual assertions or legal arguments beyond stating that they are competent to protect the interests of the class members and that neither the Lead Plaintiffs nor any of the objectors are. The Court owes the Christensons' assertions no presumption of truth and need not make any inferences in their favor.

Even if the Christensons had put forward supporting facts or legal arguments, the Court would not find that manifest injustice resulted to the class because the Christensons' Objection was precluded. It is well understood that the interests of Lead Plaintiffs and settlement objectors may not align with those of absent class members. For that reason, all

8

prospective class members are notified, and the court to which a settlement is presented is obligated to assess the fairness, reasonableness, and adequacy of the settlement independently. See, e.g., Vassalle v. Midland Funding LLC, 708 F. 3d 747, 754 (6th Cir. 2013). Class members' rights are never at the mercy of self-interested parties, and the Christensons have given the Court no reason to believe that the members of this proposed class face any prejudice because of the absence of a single non-party's objections.

The Christensons next argue that the Court's April 10 Order denies them due process of law because, as a result, they are precluded both from being heard in opposition to the class settlement and from vindicating their rights in a FINRA arbitration. The Christensons' due process argument is meritless and does not demonstrate a manifest injustice. First, the Court's April 10 Order does not preclude any FINRA arbitration. If the Christensons are precluded from further arbitration, that preclusion is the result of their own strategic decisions and the FINRA procedural rules. (See FINRA Award, ECF No. 297-1.) Second, the April 10 Order does not preclude the Christensons from initiating judicial proceedings. Because they are not class members, no settlement reached in this case is binding on them or affects their rights in any way. As the Christensons themselves argue, neither the result of

their second FINRA arbitration nor the Court's decision that they are not class members precludes them from bringing a case against the Defendants on the Christensons' individual claims in state or federal court. The Christensons' claims of manifest injustice to class members and to themselves cannot serve as the basis for reconsideration.

## IV. Conclusion

For the foregoing reasons, the Christensons' Motion to Reconsider the Court's April 10, 2013 Order is DENIED.

So ordered this 17th day of May, 2013.

                                          s/ Samuel H. Mays, Jr.\_\_\_
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE