IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| In re REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE and ERISA LITIGATION<br><br>This Document Relates to:<br><br>In re Regions Morgan Keegan Closed-End Fund Litigation,<br><br>No. 2:07-cv-02830-SHM-dkv | No. 2:09-2009 SMH V |

## ORDER

Before the Court is Kenneth E. Naglewski's ("Naglewski") May 13, 2013 Request for Exclusion from the Class. (Req. for Excl., ECF No. 331-1.) On May 24, 2013, the Lion Fund, L.P., Dr. J. Samir Sulieman, and Larry Lattimore, on behalf of the Class (collectively the "Lead Plaintiffs"), filed a Response in opposition to Naglewski's request. (Resp., ECF No. 331.)

For the following reasons, Naglewski's Request for Exclusion is GRANTED.

I.   **Standard of Review**

The availability of exclusion from the Class is governed by the Court's Preliminary Approval Order. (Prelim. Order, ECF No. 276.) The Order states in relevant part:

> A Class Member wishing to make an exclusion request shall mail a written request to the address designated in the Notice for such exclusions, such that it is received no later than March

> 22, 2013.... The request for exclusion shall not be effective unless it provides all of the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court or allowed by Lead Counsel and counsel for the Morgan Keegan Defendants and RFC.

(Id. ¶ 10.)

## II. Analysis

Naglewski acknowledges that his Request is untimely but asks that the Court grant it because he did not receive notification of the Preliminary Approval of the Class Action and Settlement and, accordingly, of the opt-out requirements, until after the opt-out deadline had passed. (Req. for Excl.) Naglewski contends that he maintains two homes, one in Tennessee and one in Illinois. (Id.) He contends that at the time the Class Action notifications were distributed, he was in residence at his home in Tennessee, but had arranged for all of his mail to be forwarded to his home in Illinois. (Id.) He contends that he did not return to his home in Illinois and, as a result, did not have the opportunity to review the Class Action notification and to opt out of the Class, until after the opt-out deadline had passed. (Id.) The Lead Plaintiffs argue that Naglewski's Request is untimely and should be denied. (Resp.)

The parties agree that Naglewski's Request is untimely. However, the Court has discretion to determine whether nonconforming requests should be allowed. (Prelim. Order ¶ 10.) The Lead Plaintiffs do not object to the form or content of

Naglewski's Request.  (See Resp.)  It appears that Naglewski attempted in good faith to comply with the requirements of the Preliminary Approval Order.  Because the only objection to Naglewski's Request is its untimeliness, it does not appear that any prejudice would result to the Lead Plaintiffs if his Request were granted.  This result is also consistent with the reasoning adopted in the Court's May 17, 2013 Order on Requests for Exclusion.  (May 17 Order 6, ECF No. 330.)

   Naglewski's Request for Exclusion is GRANTED.

### III. Conclusion

   For the foregoing reasons, Naglewski's Request for Exclusion is GRANTED.  Naglewski is deemed excluded from the Class.

   So ordered this 26th day of July, 2013.

                                   s/ Samuel H. Mays, Jr.____
                                   SAMUEL H. MAYS, JR.
                                   UNITED STATES DISTRICT JUDGE